LANDRY, Judge.
This action presents a claim in tort for alleged personal injuries, medical expense *318 and property damage arising out of an intersectional automobile collision. Consolidated with the instant matter (for both trial and appeal) is Suit Number 5779, La. App., 150 So.2d 321, on the docket of this court, wherein similar demands are presented upon behalf of a guest passenger of the present plaintiff, Mrs. Arnold.
In the instant matter plaintiff, Mrs. Nettie Ann Arnold, seeks recovery for personal injuries while her husband, Robert N. Arnold, asks damages in recompense for medical expense incurred in the treatment of Mrs. Arnold’s injuries as well as the value of his 1953 Chevrolet automobile demolished in the accident.
In Suit Number 5779, plaintiff, Mrs. Geraldine Nettles, sister of Mrs. Arnold and guest passenger in the Arnold vehicle, prays for judgment for personal injuries while Mrs. Nettles’ husband, Henry M. Nettles, seeks recovery of certain medical and hospital expense incurred in the care and treatment of his said wife’s hurts. The sole defendant in each suit is Olinde Hardware & Supply Company, Inc. The trial court rejected plaintiffs' demands and all plaintiffs have appealed.
The accident in question occurred in the City of Baton Rouge, on June 15, 1961, at approximately 6:00 P.M., in the intersection of Scenic Highway and East Mason Street. At the time of the collision the skies were overcast and a light drizzle of rain was falling. Plaintiff, Mrs. Arnold, accompanied by her sister, Mrs. Nettles, and two small children (all occupying the front seat -of the Arnold vehicle), was proceeding southerly along Scenic which is a main north-south artery of traffic in the City of Baton Rouge. The intersection concerned is controlled by an electric semaphore traffic signal. A very narrow neutral ground separates northbound and southbound traffic upon Scenic Highway at the intersection in question.
Mrs. Arnold, traveling southerly in the left or inside southbound lane of travel on Scenic Highway, intended to turn left at East Mason Street to proceed easterly along said latter thoroughfare. Peter M. Strauss, Jr., driver of defendant’s truck, was proceeding northerly along Scenic Highway in the right or outside northbound lane intending to turn right off of Scenic at an intersecting street situated some two or three blocks north of East Mason Street. According to plaintiff’s witnesses, the left turning Chevrolet was struck in the center of its right side, the impact occurring in the approximate center of the right or outside northbound lane of travel. Defendant’s version of the accident is that the impact occurred in the center of the northbound lanes of travel.
On appeal plaintiffs rely almost exclusively upon the doctrine of last clear chance contending that plaintiff’s automobile stalled while making its turn and that defendant’s driver had ample opportunity and time to avoid striking the stationary vehicle. Conversely, defendant maintains that plaintiff’s vehicle was not stopped when struck but at the time of impact was in motion.
It is conceded by all litigants that at the situs of the accident the maximum legal speed for a vehicle traveling upon Scenic Highway is 45 miles per hour.
Plaintiff, Mrs. Arnold, testified that she was proceeding southerly along Scenic Highway in the left or inside lane of southbound travel intending to make a left turn at East Mason Street. As she approached the intersection she observed the traffic light was green. She stopped at the intersection, looked ahead to note the approach of opposing northbound traffic and observing defendant’s oncoming truck a safe distance away proceeded to make her turn. She shifted her gears and when her car had cleared the left or inside northbound lane it stalled. Mrs. Arnold then looked to her right and observed that the oncoming truck had negotiated approximately half the distance separating the two vehicles. She vainly tried to restart her engine and noted that the approaching truck did not reduce its speed. According to Mrs. Arnold *319 she did not hear the noise made by the application of the truck’s brakes. Mrs. Arnold was aware that the legal speed limit on Scenic Highway was 45 miles per hour but could not estimate the speed of the truck. At the time of the accident she was traveling with her parking lights on because of the prevailing overcast weather. Following the accident Mrs. Arnold’s father paced the distance at which Mrs. Arnold placed the truck when she commenced her turn. By this method of measurement, the distance was computed at 120 steps or 360 feet.
Mrs. Nettles’ account of the accident is virtually the same as that related by Mrs. Arnold. According to Mrs. Nettles, Mrs. Arnold came to a complete stop at the traffic light before commencing her left turn. Mrs. Nettles also observed the approach of the oncoming truck but like Mrs. Arnold felt that it was sufficiently distant as to pose no threat of danger otherwise, according to her, she would have warned her sister. Like Mrs. Arnold, Mrs. Nettles placed the point of impact in about the center of the right or outside northbound lane of travel. She further testified that when the car stalled she also looked in the direction of the oncoming truck, observed that the truck had negotiated approximately half the distance formerly separating the two vehicles whereupon she began screaming that the truck would hit them.
Defendant’s driver, Strauss, testified he was proceeding northerly along Scenic Highway in the right or outside northbound lane at a speed of approximately 35-40 miles per hour. He had been previously traveling in the inside lane but had gained the outside lane because he intended turning right off Scenic Highway at an intersecting street situated three or four blocks north of East Mason Street. When he reached a point approximately 75 feet from the intersection of East Mason Street, he first observed the left turning movement of the Arnold vehicle which maneuver plaintiff attempted without prior signal or warning. His attention was attracted to the left turn maneuver by the lights of the turning vehicle suddenly flashing across his path. Strauss stated that he immediately applied his brakes and attempted to turn to the left to avoid a collision but, because of the slippery condition of the roadway his vehicle began to skid and he could not control its- direction of travel. Strauss stated that the front of his vehicle struck the right center of the left turning Chevrolet in the center of the two northbound lanes of travel and not in the center of the right or outside northbound lane as testified to by Mrs. Arnold and Mrs. Nettles. At the time of the trials below Strauss was no longer in the employ of defendant and was a disinterested party insofar as concerns the outcome of these actions. Strauss further testified that following the accident he discussed its occurence with Mrs. Arnold who told him that she did not see the oncoming truck and who also stated that she had no driver’s license and that her insurance had recently expired. His testimony in this latter regard is denied by Mrs. Arnold. It is conceded, however, that at the time of the accident, Mrs. Arnold’s license had in fact expired but had been since renewed. We further note, however, that Mrs. Arnold testified Strauss told her following the accident that he did not see her vehicle. Strauss denied having made such statement.
Defendant produced as a witness one Hershel L. Gray who testified that he was three or four car lengths behind the Arnold vehicle proceeding southerly upon Scenic Highway in the right or outside lane of travel. In substance he testified that just as he passed the Arnold vehicle upon the right he observed that Mrs. Arnold was commencing her left turn and noting the presence of the oncoming truck only about 30 feet away thought at the time that a collision between the two vehicles was imminent. Realizing that an accident was likely to happen he immediately drove into the driveway of a service station located at the intersection. Gray did not see the actual impact but went immediately to the *320 scene of the mishap. He was not sure of the exact distance which separated the two vehicles when Mrs. Arnold commenced her turn as he stated the accident occurred quite some time prior to trial. He was certain, however, that at the time Mrs. Arnold ■started her turn the oncoming truck was .so near that he sensed an accident would ■occur.
On appeal plaintiffs’ principal complaint is that Strauss had the last clear chance to .avoid the accident and could have done so 'by either stopping in time to avoid the ■disabled automobile or by driving into the left or inside lane and passing behind the ■stopped vehicle.
The preponderance of the evidence, however, does not confirm plaintiffs’ contentions that defendant is liable herein under the doctrine of last clear chance. Our learned brother below accepted the testimony of Strauss as corroborated and confirmed by the disinterested witness, Gray. According to these witnesses, Mrs. Arnold clearly began her left turn at a time when it was manifestly and patently unsafe and extremely dangerous to attempt such a maneuver. Strauss placed the two vehicles approximately 75 feet apart when Mrs. Arnold began her turn and Gray estimated the intervening distance at even less. While we are of the opinion that Gray is probably mistaken in stating that the truck was only 30 feet distant at the time Mrs. Arnold began her left turn, irrespective of his ■erroneous estimation of the distance, his testimony clearly establishes that whatever the intervening distance, it was such to make him apprehensive that a collision between the two vehicles was almost certain to occur.
The appellate courts of this state have repeatedly announced the principle that a left turn is one of the most dangerous maneuvers which may be attempted by a motorist traveling upon the public highways. ■On this subject we cite with approval the following language appearing in Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295:
“In so holding we think the court erred. The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is this cardinal rule of the road founded on common sense, but in our State is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed; and said driver ‘shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.’ (Emphasis ours.) Among pertinent cases are Lane v. Bourgeois, La.App., 28 So.2d 91; Home Insurance Co. v. Warren, La.App., 29 So.2d 551; Michelli v. Rheem Mfg. Co., La. App., 34 So.2d 264; Malone v. Fletcher, La.App., 44 So.2d 352; Zurich Fire Ins. Co. of New York v. Thomas, La. App., 49 So.2d 460; and Codifer v. Occhipinti, La.App., 57 So.2d 697. In the last cited case the Court of Appeal for the Parish of Orleans aptly stated that When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence.’ 57 So.2d at page 699.”
From the record before us we have no hesitancy in concluding that Mrs. Arnold began her left turn when the oncoming truck was so near as to make such maneuver dangerous. It follows, that her action in this regard amounted to negligence constituting a proximate cause of the accident.
Quoad the doctrine of last clear chance an indispensible element, namely, opportu *321 nity on the part of defendant to avoid the accident, is lacking herein. As correctly stated by learned counsel for appellants, application of the rule of last clear chance has been stated to be dependent upon the following circumstances : (1) that plaintiff placed himself in or allowed himself to assume a position of danger of which he is either unaware or from which he is unable to extricate himself; (2) that defendant either actually discovered plaintiff’s peril or, by the exercise of ordinary and reasonable care, should have discovered plaintiff’s danger; and (3) that, at the time, defendant could have avoided the accident by the exercise of reasonable care. Wells v. Meshell, La.App., 115 So.2d 648; McCarthy v. Blair, La.App., 122 So.2d 837; Angeron v. Guzzino, La.App., 140 So.2d 669.
In the case at bar the record reflects that Strauss had no opportunity to avoid the accident considering that Mrs. Arnold turned suddenly into the path of his oncoming vehicle when the truck was so near that avoidance of a collision was practically impossible. Confronted with the emergency shown, Strauss reacted as a normal driver in that he instantly applied his brakes and attempted to drive into the left or inside lane of travel hoping thereby to avoid contact between the car and truck. Considering Strauss had no opportunity to avoid the accident, the doctrine of last clear chance is inapplicable. Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 430.
It is contended upon behalf of Mr. and Mrs. Nettles that recovery should be had by said plaintiffs on the theory that as a guest passenger in the Arnold vehicle any negligence on the part of Mrs. Arnold is not imputable to Mrs. Nettles. This argument, however, presupposes negligence on the part of defendant’s employee, Strauss. It is elementary that not even a guest passenger may recover for injuries sustained in an automobile accident unless the driver sought to be held liable has been shown to be guilty of negligence constituting a proximate cause of the accident.
The record in these cases does not preponderate in favor of the conclusion that Strauss was guilty of negligence constituting a proximate cause of the accident. On the contrary, it appears that Strauss was proceeding at a lawful rate of speed and was keeping a proper lookout as attested by the fact that he immediately applied his brakes upon observing Mrs. Arnold begin an un-signalled left turn across his path of travel. The emergency thus resulting was not of his own creation but arose solely from the negligence of Mrs. Arnold in commencing the left turn without signal and in misjudging both the distance separating the two vehicles and the speed of the oncoming truck. We conclude Strauss was free of negligence under the circumstances shown.
For the reasons hereinabove set forth, the judgment of the trial court is affirmed. All costs of this appeal as well as costs of trial shall be paid by appellants herein.
Affirmed.