HERGET, Judge.
This is a suit by Plaintiffs seeking recovery of damages from defendants John A. Joiner, Southern Farm Bureau Casualty Insurance Company, his alleged insurer; Mrs. W. F. Downs, her insurer, United States Fidelity and Guaranty Company; and State Farm Mutual Automobile Insurance Company, the insurer of Plaintiffs’ ve- *912 hide. The damages alleged are (1) to Mrs. Elton Fussell for personal injuries sustained, and (2) to her husband, Elton Fussell, for expenses incurred resulting from the injuries to his wife.
On a motion for a summary judgment filed by Southern Farm Bureau Casualty Insurance Company,, judgment was rendered rejecting Plaintiffs’ demands as to it and dismissing said Defendant from the suit. From this judgment no appeal was taken.
After trial on the merits, for written reasons assigned, judgment was rendered against John A. Joiner in favor of plaintiffs, (1) Mrs. Elton Fussell for $2,000 and in favor of (2) Mr. Elton Fussell for $221.50, both awards bearing legal interest from date of judicial demand until paid. Further, judgment was rendered against the plaintiffs, Mr. and Mrs. Elton Fussell, in favor of Mrs. W. F. Downs, United States Fidelity and Guaranty Company and State Farm Mutual Automobile Insurance Company, rejecting Plaintiffs’ demands and dismissing their suit insofar as said Defendants are concerned.
From the judgment rendered against him, John A. Joiner appealed. Plaintiffs answered Joiner’s appeal seeking an increase in the award of judgment in favor of Mrs. Elton Fussell to the sum of $5,000, and further, praying that the judgment be amended by awarding Plaintiffs-Appellees judgment against defendants, John A. Joiner, Mrs. W. F. Downs, United States Fidelity and Guaranty Company and State Farm Mutual Automobile Insurance Company, in solido. Motions to dismiss the appeal were filed in this Court by Mrs. W. F. Downs, United States Fidelity and Guaranty Company and State Farm Mutual Automobile Insurance Company predicated on the ground Plaintiffs took no appeal from the judgment dismissing movers from the suit and the appeal taken by the co-defendant, John A. Joiner, does not bring before this Court his alleged in solido co-defendants. In support of the motions to dismiss the appeal, counsel for movers rely on Emmons v. Agricultural Insurance Co., La.App., 150 So.2d 94 wherein the Fourth Circuit Court of Appeal concluded an appeal taken by one defendant cast in judgment,, of two defendants sued in solido, had no effect on the alleged co-defendant dismissed from the suit where plaintiff took no appeal from the judgment dismissing the suit as to that defendant and the dismissed defendant under such circumstances was not before the appellate court in the absence of his having filed a third party action against his alleged co-defendant, the appellant. Counsel for movers further refer to the case of Vidrine v. Simoneaux, La.App., 145 So.2d 400, decided by the Third Circuit Court of Appeal. This case held an appeal by a co-defendant sued in solido against whom judgment was rendered effectively brought before the appellate court, as though plaintiff had appealed from the judgment of dismissal, the co-defendant who had been dismissed. Application for writs to the Supreme Court was denied in the Vidrine case; whereas, writs were granted in the Emmons suit but the Supreme Court has not yet heard the matter. In the Emmons case the Appellate Court commented its holding therein was in conflict with, and contrary to, the Vidrine case.
It appears in the Vidrine case a third party action was, in fact, filed by a defendant therein, Aetna Casualty and Surety Company, against the other defendants, Simoneaux and Stelly. Therefore, on the factual issues the Vidrine case is not necessarily in conflict with the holding in the Emmons case. We, however, are of the opinion the decision in either the Emmons, or the Vidrine case does not affect the instant appeal. For, in the matter before us in the instant case, the Plaintiffs have answered the appeal praying (a) for an increase in the award, and (b) that all Defendants be condemned in solido. It appears in the Emmons case no answer to the appeal was filed. The answer in the Vidrine case prayed only for an increase in Lhe *913 amount awarded, without attempting to bring in the dismissed co-defendants.
LSA-C.C.P. Art. 2133 defining the necessity for filing and the effect to be accorded an answer by appellee, provides:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from mvy portion of the judgment rendered against him and of which he complains in his answer.” (Emphasis supplied)
We, therefore, are of the opinion the answer filed by Plaintiffs to the appeal taken by Joiner is effective to bring before the Court the alleged in solido co-debtors who, by the same judgment appealed from, were dismissed from the suit as alleged in solido debtors.
Accordingly, we are of the opinion the motions to dismiss the appeal, filed by Mrs. Downs, United States Fidelity and Guaranty Company and State Farm Mutual Automobile Insurance Company, must be denied.
We adopt as our own the reasons for judgment of the Trial Court, as follows:
“This is a personal injury action brought by Mrs. Elton Fussell and her husband against John A. Joiner, Mrs. W. F. Downs, and Mrs. Downs’ insurer, United States Fidelity and Guaranty Company. Mrs. Fussell was riding as a guest passenger in an automobile belonging to her husband, Elton Fussell, and driven by her daughter, Marie Fussell, at the time of the accident.
“The facts of the case are as follows :
“On August 21,1960, Mrs. Elton Fus-sell was riding in her husband’s automobile, driven by her daughter, as above set forth, which was proceeding in a westerly direction on U.S. Highway 190. Immediately ahead of the Fussell car was a truck owned and operated by John A. Joiner which was also traveling in a westerly direction. The weather was bad. It had been raining very hard, the road was wet and slippery, and at the time of the accident, there was a light rain falling.
“Mr. Joiner came to the road which leads to his house, and proceeded to make a left turn across the east bound lane of traffic, in order to enter same. Mrs. W. F. Downs, who was approaching from the west in an easterly direction was forced to apply her brakes in order to avoid striking Mr. Joiner. Her car went into a spin and skidded into the front end of the Fussell car, causing the injuries of which Mrs. Fus-sell complains.
“The plaintiff claims that her injuries are due to the concurrent negligence of her daughter in following too close behind the Joiner vehicle, Joiner for turning to the left without properly signaling, and Mrs. Downs for traveling too fast and failing to keep a proper lookout. Mrs. Downs contends that Joiner turned suddenly in front of her, forcing her to apply her brakes in order to avoid striking him. She was unable to control her car because of the slippery condition of the road.
“After hearing all of the witnesses testify, I am of the opinion that this accident was solely and proximately caused by the negligence of John A. Joiner. His action in turning to the left in the face of oncoming traffic placed both the Downs and Fussell vehicles in a position where there was *914 nothing that they could do to avoid the accident which subsequently happened.
“Mrs. Fussell’s injuries were not of a particularly serious nature. She suffered a contusion on the front and back of her chest on the left side thereof.
“She also states that she has a pain in her lower back which is a result of her injuries in the accident. However, the physician who treated her initially states that Mrs. Fussell did not have this complaint during the course of his treatment of her.
“There can be no doubt that Mrs. Fussell is a highly nervous woman and that her condition has been aggravated by the accident. Although it is felt by the Court that her complaints have been somewhat exaggerated because of her nervous condition, there can be no denying that as of this date, a year and a half after the accident happened, Mrs. Fussell is still suffering some pain and restriction of activity because of it. Under the holding in Schneller v. Handy, 93 So.2d 238, (La.App.1957), the most nearly comparable case the Court could find, I find that an award of $2,000 will adequately compensate Mrs. Fussell for her injuries.
“On the trial of the case special damages totalling the amount of $221.50 were proven and same will be allowed.
“For the above reasons, I will sign, when presented to me, a judgment in favor of Elton Fussell and Mrs. Elton Fussell and against John A. Joiner, in the amounts above set forth, and will dismiss this suit as to all other parties defendant.”
Without question, the driver of the Fussell vehicle insured by State Farm Mutual Automobile Insurance Company was guilty of no negligence in the causation of this accident. Upon perceiving Mr. Joiner making his sudden, unsignalled, left turn, she stopped her vehicle in the right lane for westerly traffic and was in a stationary position when struck by the Downs automobile.
Though the Trial Judge in his reasons for judgment does not find as a fact the exact distance the approaching Downs car was from the turning Joiner vehicle when Joiner made his turn across the road, witnesses in the Fussel! car estimated this distance at 67 feet, while Mrs. Downs related she was four car lengths from Mr. Joiner when he began his unsignalled left turn. From the evidence, it appears prior to making his turn Mr. Joiner was proceeding at a speed of fifteen miles per hour and Mrs. Downs was approaching at 40-50 miles per hour.
The Joiner vehicle did, in fact, cross the highway and enter the gravelled road and was not struck by the Downs vehicle. However, from the evidence the only reason Joiner accomplished such a feat was because Mrs. Downs, when confronted with the emergency created by the unanticipated left turn by Joiner, applied the brakes of her vehicle with force, in consequence of which the Downs vehicle spun around making one and a half revolutions, thereby delaying its forward progress and, even so, barely escaped colliding with the Joiner vehicle before striking the stopped Fussell vehicle. Had Mrs. Downs not exercised her judgment as she did when confronted with this sudden emergency, certainly done in an effort to avoid a collision with either of the vehicles, her vehicle would have collided with the Joiner vehicle. Thus, it is apparent the sole proximate cause of this accident was Joiner’s unsignalled turn across the path of the Downs vehicle at a time when such maneuver could not be safely made. Broussard v. Savant Lumber Company, La.App., 134 So.2d 369; Arnold v. Olinde Hardware & Supply Co., La.App., 150 So.2d 317; Romans v. New Amsterdam Casualty Co., La.App., 137 So.2d 82.
Affirmed.