189 So.2d 731 (1966)
Otis E. LOMENICK, Plaintiff-Appellee,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellant, and
Ambrose Sampay and Agricultural Insurance Company, Defendants-Appellees.
No. 1808.
Court of Appeal of Louisiana, Third Circuit.
September 6, 1966.
*732 Pugh & Boudreaux, by Nicholls Pugh, Jr., Lafayette, for defendant-appellant.
Simon, Trice & Mouton, by J. Minos Simon, Lafayette, for plaintiff-appellee.
Davidson, Meaux, Onebane & Donohoe, by Timothy J. McNamara, Lafayette, for defendants-appellees.
En banc.

On Motion to Dismiss Appeal.
TATE, Judge.
The plaintiff Lomenick sued several defendants to recover damages in solido. After trial, his suit against the codefendants Sampay and Agricultural was dismissed. Lomenick was awarded judgment only against the defendant Hartford.
Hartford appeals.
The plaintiff timely answered the appeal requesting (only) an increase in his total award against Hartford. By the present ex parte motion, the defendant-appellant Hartford moves to dismiss its own appeal against Sampay and Agricultural, thereby acquiescing in the trial court's dismissal of the plaintiff's claim against these parties.
In the absence of a joint motion by all parties, we are unable to dismiss summarily the appeal in accordance with the motion. Rule VII, Section 3, Uniform Rules Courts of Appeal (1963). Instead, due to the failure of the other parties to join therein or to acquiesce in writing, the motion to dismiss the appeal must be submitted to the court. Rule VII, Section 1. Under its practice, this court is therefore required to render a formal opinion to dispose of what is actually an uncontested motion.
Hartford has moved to dismiss its own appeal insofar as it brings the codefendants Sampay and Agricultural before this court as appellees. The plaintiff's answer *733 to the appeal did not request amendment of the judgment below to hold Sampay and Agricultural liable as solidary obligors. Under these circumstances, the ex parte motion to dismiss the appeal may be granted because, for the reasons below stated, the interests of no other party to the suit are adversely affected:
1. Obviously, these codefendant-appellees, Sampay and Agricultural, are not adversely affected by the abandonment by Hartford of any claim for contribution from these codefendants.
2. As to Hartford:
The plaintiff himself failed to appeal from the dismissal of his suit against Sampay and Agricultural, allegedly solidarily liable to him with Hartford because of joint negligence. Nevertheless, Hartford's appeal brought before this reviewing court the question of these appellees' solidary liability with it to the plaintiff Lomenick. For, by appealing, Hartford was entitled to have the trial court judgment amended to hold Sampay and Agricultural liable in solido to the plaintiff in addition to Hartford itself. Emmons v. Agricultural Insurance Co., 245 La. 411, 158 So. 2d 594; Vidrine v. Simoneaux, La.App. 3 Cir., 145 So.2d 400. See also Fontenot v. Grain Dealers Mut. Ins. Co., La.App. 3 Cir., 168 So.2d 478.
However, by its own ex parte motion to dismiss its appeal insofar as Sampay and Agricultural are concerned, Hartford has thus abandoned any right to hold these codefendants solidarily liable. It has no further interest in retaining Sampay and Agricultural as parties to the appeal.
3. As to the plaintiff:
A more troublesome question is presented in determining whether the plaintiff Lomenick might be adversely affected if we grant Hartford's ex parte motion to dismiss the appeal as to the other appellees.
Under the Emmons and Vidrine decisions cited above, the appeal of an appellant defendant brings up before the reviewing court the question of the solidary liability with it of any appellee defendants. However, in the absence of an appeal or perhaps (see below) of an answer to the appeal by him, the plaintiff himself has no right to urge that these codefendant-appellees be held liable additional to or instead of the appellant defendant. This is because the appeal of the defendant-appellant has brought up the question of the liability of the appellee defendants only insofar as the appellant is concerned, that is, only insofar as the appellees' solidary liability might minimize the award against the appellant. Gorum v. Prichard, La.App. 3 Cir., 173 So.2d 308, certiorari denied. See also Breaux v. Texas and Pacific Railway Co., La.App. 1 Cir., 176 So.2d 640, 650-651.
In order to obtain relief against another appellee, a plaintiff-appellee ordinarily must appeal independently. An answer to a defendant-appellant's appeal does not ordinarily serve the function of an independent appeal and entitle one appellee to amendment of the trial judgment in his favor against another appellee. Howard v. Insurance Company of North America, La.App. 3 Cir., 159 So.2d 560 noted, 25 La. L.Rev. 448 (1965); McKnight v. Scott, La. App. 1 Cir., 130 So.2d 681. See also Placid Oil Co. v. North Central Texas Oil Co., 206 La. 693, 19 So.2d 616 (syllabus 1).
Nevertheless, in circumstances similar to the present, the First Circuit has held that by answer to the appeal of a defendant cast a plaintiff-appellee may be entitled to have the appellate court determine that the appellee defendants are solidarily liable to the plaintiff with the appellant defendant. Fussell v. United States Fidelity and G. Co., La.App. 1 Cir., 153 So.2d 911.
This holding has been criticized by Dean Henry G. McMahon, noted authority on Louisiana procedure, see 25 La.L.Rev. 447-48 (1965), as inconsistent with the legislative intent of LSA-C.C.P. Art. 2133 that an answer to an appeal permits an appellee *734 to seek additional relief as against the appellant only, see Howard v. Insurance Co. of North America, La.App. 3 Cir., 159 So. 2d 560, also Official Reporter's Comment (c) explaining 1962 amendment to LSA-C.C.P. Art. 2087. On the other hand, the Supreme Court's rationale in its Emmons opinion and the Supreme Court's reference to the decision in Emmons, see 158 So.2d 599, may indicate that the holding in Fussell has vitality. (See also Breaux v. Texas and Pacific Railway Co., cited above, at 176 So.2d 650-651, wherein the First Circuit somewhat tenuously reconciled Fussell with the usual jurisprudence that one appellee cannot obtain appellate relief against another by means of an answer to the appeal.)
But we need not at this time decide whether to follow the holding of Fussell that a plaintiff-appellee may use a timely answer to the appeal instead of an independent appeal to seek relief against a defendant-appellee.[1] Although the present plaintiff-appellee has timely answered the appeal within fifteen days of the lodging of the appeal here, see LSA-C.C.P. Art. 2133, by his answer the plaintiff Lomenick does not seek to hold Sampay and Agricultural liable to him additionally with Hartford. (He prays only for an increase in the award.)
We were nevertheless given some concern as to potential prejudice to Lomenick if Sampay and Agricultural were now dismissed as appellees, since it might deprive him of a possible right to subsequently amend his timely-filed answer to Hartford's appeal in order to additionally pray for judgment against Sampay and Agricultural.
We have concluded that Hartford's ex parte motion should not be denied on that account. In the first place, the intent of Art. 2133 was to shorten the former period within which an appellee might inject new issues into the appeal. See Official Reporter's Comment c. Further, the general liberality of amendment or supplementation of initial pleading allowed in trial courts has not yet been applied to appellate pleading. Cf., Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710.
Analogous to the present question, the general rule is that a timely application for rehearing in an appellate court may not be amended after the expiration of the delay allowed for filing the original application. Wade v. Calcasieu Paper Co., 229 La. 702, 86 So.2d 540; Gautreaux v. Harang, 190 La. 1060, 183 So. 349, 374; Kelly v. Ozone Tung Cooperative, La.App. 1 Cir., 38 So.2d 232. If a party to an appeal may not plead additional reasons of error through a post-delay amendment of a timely application for rehearing, there is less reason why he should be permitted to raise completely new issues in the appeal by post-delay amendment to a timely answer to the appeal. This is especially so in view of the intent of Art. 2133 to shorten the delay within which an appellee might seek revision of the trial judgment by an answer to an appeal to the relatively brief period of fifteen days after the appeal is lodged with the appellate court.
Therefore,[2] the plaintiff could not be prejudiced if we grant Hartford's ex parte motion that we dismiss Hartford's appeal against the appellee-defendants: The plaintiff has not timely sought by appeal or answer to the appeal to have the trial court judgment revised so as to hold them liable also, and the delay has expired within which any such relief might have been available to him.
*735 Conclusion.
Since none of the other parties to the appeal can be adversely affected, we grant Hartford's ex parte motion to dismiss its own appeal insofar as the appellee-defendants are concerned.
Appeal dismissed in part.
NOTES
[1] That is, in the limited situation where the other defendant's appeal has already brought before the reviewing court the question of the appellee-defendant's potential liability to the plaintiff-appellee.
[2] That is, assuming (without expressly holding) that a plaintiff is entitled by answer to the appeal to have the judgment amended so as to hold defendants-appellees liable in addition to or instead of a defendant-appellant.