REDMANN, Judge.
Defendants appeal from judgments in these consolidated cases in favor of an automobile driver ' and passenger injured when the car was struck from the rear by a truck driven by one defendant in the scope of his employment by another and insured by a third. Plaintiff passenger’s additional demand against the driver of the car and the car’s insurer was dismissed *633 by the trial court and there is no appeal from that dismissal.
Plaintiff driver answered the appeal seeking an increase in quantum.
The dispute is mainly factual.
Plaintiffs testified that the car was travelling in the middle lane of three outbound lanes of Chef Menteur Highway, and that the truck was following in the middle lane; that the car pulled over into the right lane and was gradually slowing down to go into a gas station (some 100 to 150 feet away from the point of the accident), when the truck ran into the rear of the car in the right lane. Plaintiff passenger added that the car had, some distance before the point of the accident, gone into the left lane and passed the truck which was in the middle lane.
Defendant truck driver testified that plaintiffs’ car was in the left lane, and his truck in the right lane, when the car passed him and then pulled directly across the middle lane and into the right lane and applied its brakes; and when he saw its brake lights go on he applied his own brakes but could not avoid running into the car.
From our review of the record we agree there are inconsistencies in plaintiffs’ statements about the accident, but we find the same true of defendant driver’s statements. The district judge found plaintiffs credible and accepted their version, and we simply cannot say, from the record, that he erred in that determination.
We have considered defendants’ argument that the investigating police officer’s disinterested testimony deserves special weight. He testified from his police report that plaintiff driver told him she was in the neutral ground lane and “just pulled right over” to change drivers. The trial' judge noted plaintiff driver’s limited understanding, and her passenger had testified she had in fact earlier been in the neutral ground lane; we assume the trial judge accepted these circumstances as possibly explaining the wording of the officer’s report. The officer had little independent recollection of the incident, and, as the trial judge noted, did not charge her with improper crossing or lane usage. We cannot say this argument of defendants shows error in the judgment appealed from.
We have also considered defendants’ argument that plaintiff passenger is bound by his petition’s allegations of negligence on the part of the car driver, which defendants claim is imputed to the passenger, since the driver was (as a gratuitous favor) driving him to his work and the car had been loaned to him by the repairer of his own. The passenger testified, however, that he had not made the allegations of the car driver’s negligence to his attorney, who alone signed the petition. Plaintiff passenger is therefore not bound by that allegation of the petition; Coleman v. Jones & Pickett, 131 La. 803, 60 So. 243 (1912); Brooklyn Cooperage Co. v. Cora Plumbing & Mfg. Co., 137 La. 807, 69 So. 195 (1915); see also Jackson v. Gulf Ins. Co., 250 La. 819, 199 So.2d 886 (1967). On the question whether the driver’s negligence would be imputable to the passenger, see Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
Plaintiff driver’s request for an increase in quantum must, in our opinion, be denied. The truck was going very slowly by the time impact occurred, knocking the car perhaps as little as five feet forward. Her injuries were diagnosed as contusions and moderate sprain of the lumbosacral region of her back, evidenced by para-vertebral muscle spasm associated with pain on flexion and extension. There is no evidence relative to severity of pain, nor of any resultant incapacity; the driver herself merely testified she continued to go to the doctor because she was hurting. Treatment was by local heat and muscle relaxants. She was discharged as symptom-free two and a half months after the accident, and, as far as the record shows, she may have had minimal symptoms during a considerable part of that period. We can *634 not say, under the circumstances, that the award of $1,750 was a clear abuse of the discretion vested by LSA-C.C. art. 1934(3) in the lower court; see Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
The judgments appealed from are affirmed at appellants’ cost.
Affirmed.