LE SUEUR, Judge.
This is an appeal by plaintiff from a judgment in her favor asking for an increase in the amount of judgment. All defendants filed briefs in this court but no defendant filed an answer to the appeal or appealed.
On January 16, 1965, plaintiff was a fare-paying passenger in a taxicab owned by Logan Cab Company, driven by Lemuel Walker and bonded by Nola Bonding Company, that was involved in an accident with a vehicle driven by William D. Rohrbacker. The trial judge found that the accident resulted from the negligence of the Logan Cab driver and released the defendant Rohrbacker from any liability to plaintiff. Rohrbacker’s liability insurer, Allstate Insurance Company, had already been dismissed from the action on plaintiff’s motion. Based on the injuries she sustained in the accident, plaintiff was awarded $480.-00 loss of wages, $1,000.00 for injury, pain and suffering, $151.00 for medical expenses, and $43.61 for drugs against Logan Cab Company and Nola Bonding Company in solido. It is from this judgment that plaintiff has appealed on quantum alone, being satisfied with the trial court’s determination of liability.
Defendants, Logan Cab Company and Nola Bonding Company, on appeal attempted to reargue the question of liability on the part of defendant Rohrbacker in order to secure contribution from Rohrbacker toward satisfying the judgment of plaintiff. Logan Cab Company and Nola Bonding Company did not file an answer or appeal from the judgment, but sought to have this court reconsider the whole case heard by the trial judge because they submitted a brief answering plaintiff’s brief and argued liability therein.
C.C.P. Art. 2133 (as amended by Acts 1968, No. 129, Sec. 1) states:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. (Emphasis supplied.)
In Schwandt v. Nunez, 71 So.2d 583 (La.App.1954), this court decided a case somewhat similar to the present case. The court there stated at pages 585-586:
The situation here is vastly different. The appellees were the losing parties in the trial court, plaintiff having recovered a judgment against them in solido though for an amount less than plaintiff claimed. That the appellees were satisfied with the outcome of the case is manifested by the fact that they did not see fit to appeal from the judgment. If plaintiff had not appealed, the defendants would have had to respond to the judgment even though it had been rendered by a court of improper venue. The doctrine enunciated in Succession of Markham that the party who wins the case in the lower court need not answer the appeal, and may again in support of the judgment on appeal urge all of the pleas and exceptions which had been urged in the nisi prius court, should not be extended so far as to say that a party who loses in the lower court may contend that the appeal by the other party has the effect of bringing up on appeal and preserving all of the pleas and exceptions which the appellee had unsuccessfully urged in the trial court.
Pertinent to this point also is the holding of this court in the recent case of Barrois v. Noto, 215 So.2d 676 (La.App. 4th Cir. 1968). That matter involved two consolidate suits, #2958 of the docket of this court, wherein the plaintiffs, Victor and Mildred Barrois, individually and for *609 and on behalf of their minor son, Victor Barrois, sought damages against two alleged joint tortfeasors, Rosario Noto and his liability insurer, Allstate Insurance Company, and New Orleans Public Service, Inc., and suit #2959 of the docket of this court, wherein Rosario Noto individually and for and on behalf of his minor son, sought damages against N.O.P.S., Inc., and its employee bus driver. The lower court in suit #2958 had rendered judgment in favor of the plaintiff and against Allstate but dismissed the suit as against N.O. P.S., Inc. The plaintiff’s suit in #2959 was dismissed by the trial judge. An appeal was taken by Noto in his suit #2959, and appeal was taken by Allstate from the judgment rendered against them in #2958. Barrois did not appeal nor file an answer to Allstate’s appeal, but he did file a brief replying to Allstate’s appeal seeking to have N.O.P.S., Inc. held liable also. This court found no negligence on the part of Noto and judgment was reversed in suit #2959 and judgment in his favor was rendered. Judgment was also reversed in suit #2958 releasing Allstate from any liability. The court held that because Barrois did not file an appeal or an answer, the question of negligence on the part of N.O.P.S., Inc. was not subject to review and plaintiff’s actions against both defendants were dismissed. The following pertinent language was used:
Our settled law prior to the enactment of the present Code of Civil Procedure was that by means of an answer to an appeal an appellee could have the judgment appealed from modified, revised or reversed only as between himself and the appellant; the appeal brought up the judgment for review only insofar as the appellant was concerned; and the judgment could be modified, revised or reversed as between appellees only by means of an appeal. (Citations omitted) We are satisfied the present Code of Civil Procedure makes no change in this rule. See Lomenick v. Hartford Accident and Indemnity Co., La.App., 189 So.2d 731; 25 La.L.Rev. 447-48. In our opinion, LSA — C.C.P. Art. 2133, which is concerned with the answer of an appellee, makes no provision indicating otherwise. (Emphasis added.)
From the above we can find no basis for defendants, Logan Cab Co. and Nola Bonding Company, rearguing liability and hold that the question of liability is not before this court.
Plaintiff appeals the amount of the trial judgment allowed her for loss of wages and injuries, pain and suffering. Plaintiff claims that she received a flexion extension strain of the cervical spine, contusion to her left chest, shoulder and thumb, a whiplash of the neck, anxiety stress, alo-pecia areata, embarrassment and great discomfort. The trial judge found that she had in fact suffered the physical injuries complained of but that she had not proven by a preponderance of the evidence that the anxiety reaction manifestations (e. g. alopecia areata) she claimed resulted from the accident were related to her accident injuries. The subsequent difficulties could have resulted from a number of other causes completely unassociated with the accident.
Dr. Max Johnson, testifying on behalf of plaintiff and based on examinations performed more than two years after the accident, stated that although plaintiff was suffering an anxiety tension state as the result of her accident, he would not state as a medical certainty that the alopecia areata was the most likely result of this tension state. He said that he had “no knowledge of other studies or investigations to consider other possible causes, of which there are many that I could say I think it it can be.” Dr. Johnson found no physical symptoms of injury.
Dr. Stuart I. Phillips, also testifying on behalf of plaintiff, based on examinations more than fifteen months after the accident, found a feeling of tightness in the plaintiff’s neck on full forward flexion, and stated that this was an objective symptom. *610 He stated, however, that “this particular patient had, in my evaluation, no residual physical findings from her original accident and, therefore, I thought that her symptoms must be due to another cause.”
For the foregoing reasons, the trial judge concluded that this medical testimony did not prove a relationship between plaintiff’s “anxiety reaction” and the accident and did not allow their expert fees as costs attributable to defendants Logan Cab Com-' pany and Nola Bonding Company.
After reading the testimony and reasons for judgment in this matter, this court does not find error in the decision of the trial judge that would necessitate a reversal for error on the medical testimony in question. The testimony added no new medical basis for connecting the alleged nervous results of the “anxiety reaction” with the accident. Plaintiff tried to show that one source of the possible sources of her emotional upset was the only source but this position was not substantiated by the evidence produced. Plaintiff at the time of the accident was separated from her husband, was being sued for divorce, and was having sexual relations with another man. The expert witnesses called by plaintiff stated that her subsequent nervous manifestations could result from her accident injuries but had to concede that they could have resulted from any of her other sources of emotional upset as well. They could only be as positive as “more probable” that their opinions were correct. Therefore, we agree with the trial judge that this medical testimony as to later medical symptoms was not shown to be sufficiently related to the accident to influence a judgment for injury, pain and suffering.
Plaintiff contends that the trial judge erred when he found that she had been employed at $40.00 per week and had been unemployed as a result of the accident only twelve weeks. The trial judge based his judgment of $40.00 per week on the amount that Emelda Washington received for her mother’s care from the Department of Public Welfare and paid to plaintiff. He apparently did not find that an additional $10.00 per week allegedly paid to plaintiff by Emelda Washington was sufficiently substantiated to allow recovery for that amount.
This court feels that although the additional $10.00 per week has not been substantiated with records, the testimony of both plaintiff and Emelda Washington is uncontradicted and clear to the effect that plaintiff received a total of $50.00 per week while employed by Mrs. Washington and the increase of $10.00 per week would not be unreasonable as compensation for the additional duties of caring for the child. The testimony of plaintiff and Mrs. Washington was sufficient to sustain this increase because plaintiff’s testimony alone could be sufficient to sustain a claim for loss of wages. Clouatre v. Toye Brothers Yellow Cab Co., 193 So.2d 344 (La. App. 4th Cir. 1966). The period of twelve weeks appears to begin with the accident and end with the termination of daily applications of physiotherapy by Dr. Richmond on March 31, 1965. At this time plaintiff was greatly improved and the additional five treatments between March 31 and June 18 were given because of plaintiff’s statement that she received relief from pain after treatment. Dr. Richmond stated, however, that he had never told plaintiff not to work or to stay in bed as a result of her injuries. Thus this court finds no error in the trial judge’s allowance of twelve weeks recovery of lost wages from the date of the accident until the termination of regular treatment for plaintiff’s injuries.
Plaintiff argues that the judgment for injuries, pain and suffering set at $1,-000.00 is inadequate and that this amount should be increased to at least $7,500.00, because of the residuals they claim in the form of nervousness, alopecia areata, neck pains, etc.
Since this court has affirmed the trial court’s finding that plaintiff has not sufficiently proven a causal connection be *611 tween the accident injuries and the “anxiety reaction” manifestations, we will consider the adequacy of the judgment only in relation to the physical injuries sustained in the accident and the treatment thereof. Although this award may not correspond with awards in other cases for apparently similar injuries, Valenti v. Courtney, 206 So.2d 579 (La.App.1968), Merriell v. Collins, 218 So.2d 632 (La.App. 4th Cir. 1969), the trial judge has much discretion in his awards and had the benefit of evaluating the demeanor and credibility of the injured party before making his judgment and we find no abuse of that discretion in this case.
Plaintiff, immediately following the accident, went to Flint Goodridge Hospital and was examined by Dr. Ambrose J. Pratt, who initially diagnosed her condition as a mild whiplash of the neck, a contusion of the sternum, and subinguinal hematoma of the left thumb. Dr. Pratt at that time gave plaintiff muscle relaxants and analgesics. He treated her in his office on the 18th and 20th of January, 1965, with ultrasound treatments and she was progressing favorably when last seen by him on the 20th of January, 1965. Dr. Pratt did not find any muscle spasm. From January 20 until February 25, 1965, plaintiff did not seek any medical attention for her injuries. On February 25, she consulted Dr. Bernard Richmond, informed him of the accident and of Dr. Pratt’s treatment. Dr. Richmond testified that plaintiff told him “that she felt that she was improving, but for some unstated reason she decided that she wanted to change doctors at the time she came to see me”. At that time, Dr. Richmond determined that “positive findings concerning the complaints of neck pain was palpable, spasm of the neck muscles on both sides of the neck”. He diagnosed a “moderately severe cervical strain,” began a physiotherapy treatment using the micro-therm machine, and prescribed the wearing of a cervical collar. This treatment continued through March 31st, although Dr. Richmond did not palpate any spasm after March 22nd. The five physiotherapy treatments between March 31 and June 18 were administered on the basis of plaintiff’s complaints of pain and her statement that the treatment alleviated this pain. After June 18, plaintiff did not return to Dr. Richmond.
Thus we have approximately five months between the date of the accident and the date plaintiff stopped consulting Dr. Richmond as the period of injury that forms the basis for plaintiff’s recovery of a judgment. This court must notice, as the trial judge apparently did, that plaintiff did not seek nor seem to require medical treatment between January 20 and February 25, and her reason for changing doctors was “I didn’t think I was getting the kind of results I should have gotten”. It would seem logical that plaintiff would not let a month go by before seeking other medical attention if she were suffering as a result of the accident. Also, the. period between March 31 and July 18 was a period of intermittent pain and treatment that required only irregular attention on five occasions, indicating substantial recovery by March 31.
This court finds no error or abuse of judicial discretion in the amount of the trial judge’s monetary judgment for injuries, pain and suffering.
The trial court through oversight or clerical error overlooked the stipulation made at the beginning of the trial including St. Louis Fire and Marine Insurance Company as a party responsible in any judgment rendered against Logan Cab Company and Nola Bonding Company and the judgment should be amended to hold these three defendants liable in solido to plaintiff. Judgment was also rendered in favor of Rohrbacker and Allstate Insurance Company against plaintiff, dismissing plaintiff’s suit against these defendants. Allstate had been released from liability on motion of plaintiff before trial and the judgment against plaintiff in favor of Allstate should be annulled.
The judgment of the trial court is amend- • ed to increase the amount of lost wages from $40.00 to $50.00 per week for twelve *612 weeks, to include St. Louis Fire and Marine Insurance Company as a party liable in solido to plaintiff, along with Logan Cab Company and Nola Bonding Company, and delete Allstate Insurance Company from the judgment rendered against plaintiff. In all other respects, the judgment of the trial court is affirmed.
Amended and affirmed.