(95 South. 791)

No. 24710.

## WHITE v. WHITE.

(On Motion to Dismiss Appeal June 27, 1922. On the Merits, Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss Appeal.

**1. Appeal and error ⬤⟞151(5)—Plaintiff may appeal from default judgment for separation when silent as to demand for partition and injunction.**

Though judgment of separation is rendered by default, where it did not order a partition of the community property as prayed or maintain injunction against alienation, plaintiff might appeal, under Code Prac. art. 565.

**2. Appeal and error ⬤⟞151(1)—Any one aggrieved by judgment may appeal.**

Any one aggrieved by the judgment has the right to appeal, unless he has acquiesced therein or is otherwise deprived of that remedy.

On the Merits.

**3. Husband and wife ⬤⟞272(1)—Judgment of separation dissolves community.**

Judgment of separation from bed and board dissolves community of acquêts and gains existing between husband and wife.

**4. Husband and wife ⬤⟞272(6)—Wife must accept community within 30 days after dissolution, or is deemed to renounce.**

Under Civ. Code, arts. 1050, 2414, 2420, a wife must accept community within 30 days after its dissolution by judgment of separation, unless she obtains further time; and, if she does not, is deemed to renounce it.

**5. Husband and wife ⬤⟞272(6)—Wife cannot accept community until dissolution.**

The wife cannot finally accept the community until its dissolution.

**6. Husband and wife ⬤⟞272(4)—Wife may sue for partition of community property in suit for separation.**

Wife, if desirous of accepting community when dissolved, may sue for partition of community property in the same suit in which she sues for separation from bed and board.

**7. Husband and wife ⬤⟞272(6)—Wife may accept community by executing judgment for separation and partition or otherwise.**

Wife, upon obtaining judgment of separation from bed and board and partition of community property, may accept the community by proceeding with execution of the partition judgment, or in some other manner, tacitly or expressly, within the delay for acceptance.

**8. Husband and wife ⬤⟞272(4)—Silence of judgment respecting demand for partition equivalent to rejection.**

Silence of judgment granting separation from bed and board as to plaintiff's demand for partition of community property was equivalent to absolute rejection of that demand.

**9. Husband and wife ⬤⟞272(6)—Delay for accepting community upon dissolution does not run until judgment on appeal from judgment silent as to partition.**

Where judgment of separation was silent as to plaintiff's demand for partition of community property, she had right to appeal devolutively within the delays for such appeal, and the delay for accepting the community did not run until rendition of final judgment on appeal.

**10. Appeal and error ⬤⟞1116—Judgment rendered maintaining injunction which should have been maintained, though by reason of dissolution it may now be of little service.**

Where injunction against alienation of community property, dissolved by judgment of separation without provision for partition, was issued lawfully, and should have been maintained, judgment will be rendered on devolutive appeal maintaining it, though it may now be of but little service.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Action by Mary Cook White against Alexander C. White. Judgment for plaintiff for insufficient relief, and she appeals. Judgment amended and affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant.

Woodville & Woodville, of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

On Motion to Dismiss Appeal.

DAWKINS, J. Plaintiff obtained in the court below a judgment of separation from bed and board, giving her the care and custody of the minor children, and for alimony at the rate of $125 per month. This judgment was signed January 6, 1921, and

on April 7th of the same year plaintiff took a devolutive appeal.

The judgment below was proven up as on default, after the overruling of certain exceptions by defendant, and the latter appeared as a witness, being called on cross-examination under the statute of 1908 (No. 126).

Defendant has moved to dismiss the appeal upon the ground that the "judgment (below) is in her favor, is in accordance and conforms to her pleadings and her evidence, and she cannot now be heard to ask that same be reversed, as the judgment is in her favor."

We are informed by the brief of appellant "against the motion to dismiss" that the appeal was taken for the following reasons, to wit:

"This judgment granted the separation from bed and board, the custody of the children, and an allowance of alimony, but did not order a partition of the community property, or maintain the injunction against alienation of same by defendant. This was not noticed by plaintiff in time for a motion for a new trial, and an appeal was prosecuted to correct this manifest oversight and error of the district judge."

[1, 2] An examination of the petition and the evidence clearly demonstrates that a demand for partition of the community property was made, and that proof of its nature and extent was offered. Therefore this presents an issue or demand which, in effect, was rejected by the silence of the judgment. We do not feel called upon, or think it proper, to pass upon this issue on a motion to dismiss. Any one aggrieved by the judgment of a trial court has the right to appeal, unless he has acquiesced therein, or is otherwise deprived of that remedy. C. P. art. 565, Soniat v. Whitmer, 141 La. 240, 74 South. 916.

The motion to dismiss is therefore denied.

### On the Merits.

OVERTON, J.    Plaintiff instituted this suit against her husband for the purpose of obtaining a separation from bed and board, for the custody of her minor children, for alimony, and for a partition of the community of acquêts and gains existing between herself and her husband. Fearing that her husband would dispose of the community property pending the litigation, she obtained a writ of injunction restraining him from doing so, and restraining the Canal-Commercial Trust & Savings Bank from paying to any one any money on deposit in that bank in her husband's name.

The writ of injunction was later modified so as to permit the defendant to mortgage some of the community property in order to pay community debts; to permit him to discharge the obligations of a contract to sell certain real estate belonging to the community, by executing a deed to the property; to permit the payment of certain checks drawn before the injunction issued; and to authorize the sale of certain property in St. Tammany parish, which it was considered would go to waste unless sold. No complaint is made touching these modifications of the writ.

Defendant made no other appearance in the lower court than to obtain modifications of the injunction. Hence a default was regularly entered against him, and later due proof of plaintiff's demand was made, and the default confirmed. The judgment rendered and signed, however, is silent as to the injunction and as to the prayer of plaintiff's petition for a partition of the community.

Plaintiff, in order to supply the above omissions in the judgment, has appealed from it. The appeal is a devolutive one, taken several months after the judgment was signed.

The position of plaintiff is that a wife, in suing for a separation from bed and board, has a right to join a demand for a partition of the community with her action for the separation; and, as the judgment of the lower court makes no mention of the parti-

tion prayed for, and none of the injunction, that this silence is equivalent to a rejection of her prayer for a partition and of her rights in the community, and amounts to a dissolution of the injunction.

The contention of defendant, on the other hand, is that plaintiff is not entitled to the relief on appeal for which she prays; that the judgment of the lower court grants her all of the relief to which she is entitled under the law; that as a matter of law the dissolution of the community follows the granting of the separation from bed and board; that the wife cannot accept the community until it is dissolved; that, unless the wife accepts it within 30 days after it has been dissolved by separation from bed and board or divorce, unless a longer period has been granted her by the court, upon application duly made, she is conclusively presumed to have renounced it; that no further time was granted her; that she failed to accept the community within the 30 days prescribed by law; that, having failed to accept it, she has lost her right to do so, and hence is not entitled to a partition now; and, as she has lost her rights in the community, that she is not entitled to have the injunction maintained.

[3, 4] It cannot be questioned that the effect of a judgment of separation from bed and board has the effect of dissolving the community of acquêts and gains existing between the husband and wife. It is equally clear that the wife, when the community is thus dissolved, must accept it within 30 days after its dissolution, unless she has obtained further time before the expiration of the above delay, and, if she does not, that the law considers that she has renounced it. Civil Code, arts. 2420, 2414, 1050.

[5-7] We are also of the opinion that the wife cannot finally accept the community until its dissolution. While this is true, still if she is desirous of accepting it, when dissolved, she may sue for the partition of the property belonging to it in the same suit in which she sues for a separation from bed and board, and upon obtaining judgment she may accept the community by proceeding with the execution of the judgment of partition, or may accept it in some other manner, tacitly or expressly, within the delay for acceptance. This method of procedure is not unusual, and is believed to be common practice throughout the state.

[8, 9] In the case at bar, however, doubtless due to an oversight, the judgment, as we have seen, though granting the separation, is silent as to the demand for a partition. Its silence in that respect is equivalent to an absolute rejection of that demand. Had plaintiff accepted the community after the rendition of that judgment, the effect would have been an acquiescence in the latter. As the judgment rejected a part of her demand, she was not called upon to acquiesce in it, but had the right to appeal, even devolutively, at any time, within the delays for a devolutive appeal, in order to correct the error. Under such circumstances, the delay for accepting does not begin to run until the rendition of final judgment, on appeal, correcting the error. Plaintiff is clearly entitled to the correction.

[10] While the injunction has been dissolved for some time by judgment, and may be of but little service to plaintiff now, its dissolution having been only devolutively appealed from, still, as the writ may be of service, and as it issued lawfully, and should have been maintained, judgment will be rendered maintaining it as modified and restricted by the lower court before trial on the merits.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be amended by ordering the partition prayed for by plaintiff in her petition, and by maintaining said writ of injunction to the extent stated in the premises, and in all other respects that said judgment be affirmed, appellee to pay the costs.