HAMLIN, Justice:.
 

 In the exercise of our supervisory jurisdiction (Art. VII, Sec. 11, La.Const. of 1921), we directed Certiorari to the Court of Appeal, Fourth Circuit, in order that we might review its judgment which maintained motions filed by General Accident Fire and Life Assurance Corporation, Ltd. (hereinafter referred to as General Accident) to dismiss the'appeals taken by Peter Bertucci and Agricultural Insurance Company (hereinafter referred to as Agricultural), insofar as said appeals affected General Accident (244 La. 156, 150 So.2d 771; La.App., 150 So.2d 94).
 

 Alleging that his minor daughter, Debra Marie Emmons, was injured in a collision between automobiles driven by Peter Bertucci and Mrs. Barbara Ann Emmons on November 16, 1960, Stanley Emmons brought suit on November 13, 1961, against Agricultural and its insured, Peter Bertucci, and General Accident, the liability insurer of Mrs. Barbara Ann Emmons, for damages in the sums of $920.51 (individually, for $411.01 damage to his automobile and $509.50 medical bills) and $100,000.00 (for the use and benefit of his minor daughter).
 

 The trial court rendered judgment in favor of plaintiff, individually, and against
 
 *416
 
 Peter Bertucci and -Agricultural, in solido, iil the sum of $609.50;
 
 [1]
 
 it awarded plaintiff $100.00 for the use' and benefit of his minor daughter, having found that plaintiff did not carry his burden of establishing that scalp, trouble suffered by the minor bore causal relation to the accident. It further decreed that there be judgment in favor of General Accident and against plaintiff, dismissing plaintiff’s suit at his cost.
 
 [2]
 

 ■ ••In his reasons for .judgment, the trial judge' stated that the accident .occurred when the Bertucci vehicle ran into the rear "tíf the Emmons vehicle; he was satisfied that the accident resulted from the negligence of the'defendant Bertucci.
 
 [3]
 

 . In his capacity as administrator of the estate of his minor daughter, plaintiff, Stanley Emmons, appealed from that part of the ■judgment of' the trial court which concerned the claims of the minor, Debra Marie Emmons;' he acquiesced in the judgment 'insofar as it dismissed his suit against General Accident (the liability insurer of Mrs. Barbara Ann Emmons) in both his individual capacity and as administrator of the minor.
 

 - Agricultural and Peter Bertucci appealed from the judgment of the trial court, averring that they were aggrieved by (1) that part of the judgment against them, in solido, in the sums of $100.00 and $609.50, and (2) that part of the judgment in favor of General Accident and against Stanley Emmons, dismissing plaintiff’s suit at his costs.
 

 The motions, supra, filed by General Accident to dismiss the appeals of Peter Bertucci and Agricultural were accompanied by brief, wherein it was alleged:
 

 “By means of this appeal, AGRICULTURAL INSURANCE COMPANY apparently seeks to have this court cast GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD. in judgment while the plaintiff in this case acquiesces in the lower court judgment as respects the dismissal of his suit against GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD. Certainly, AGRICULTURAL INSURANCE COMPANY as a defendant cannot obtain on appeal an adjudication of its rights with rela
 
 *418
 
 tionship to GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD. when it has never asked for such adjudication except in its petition for appeal. No third party-demand or other right was asserted by AGRICULTURAL INSURANCE COMPANY against GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD. in the lower court.”
 

 The Court of Appeal sustained the motions with the following holding:
 

 “ * * * We hold that where two or more defendants are sued as solidary obligors and the plaintiff takes no appeal from a judgment dismissing the suit as to one defendant, an appeal by a defendant who has been condemned by the judgment has no effect on the defendant as to whom the judgment has dismissed the suit and such an appeal does not bring the latter before the appellate court, unless the condemned defendant has brought in the other as a third party defendant under the provisions of LSA-Code of Civil Procedure, Articles 1111-1116.”
 

 The decision of the Court of Appeal was predicated on its interpretation of Article 2103 of LSA-Revised Civil Code, as amended by Acts 1960, No. 30, Sec. 1, which recites :
 

 “When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
 

 “A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.”
 
 [4]
 

 In this Court, counsel for relators contend that the Court of Appeal erred in its interpretation of Article 2103. They further urge that said court was in error in failing to follow the decision of the Court of Appeal, Third Circuit, in the case of Vidrine v. Simoneaux, 145 So.2d 400.
 

 Counsel for respondent General Accident contend that where a solidary judgment is
 
 *420
 
 sought against two defendants as joint tort-feasors, a judgment relieving one of liability cannot be questioned on appeal by the defendant cast in judgment unless a Third-Party Demand was instituted in the trial court between the co-defendants. (In the instant matter, this was not done.)
 

 We might say that the issue presented for our determination (in its simplest form) is an interpretation of Article 2103, LSA-R.C.C., anent the right of appeal of one defendant against his co-defendant where no third-party pleading was filed by appellant in the trial court.
 

 In Kahn v. Urania Lumber Company, 1958, 103 So.2d 476, decided by the Court of Appeal, Second Circuit, the defendant appealed from a judgment in a tort action which dismissed its third-party petition against plaintiff and his insurer. The court had two propositions presented to it: First, the right vel non of a tort-feasor to contribution from a joint tort-feasor; and, secondly, if it should be determined as a general rule a joint tort-feasor is without right to such contribution from a joint tortfeasor whether the Third-Party Practice Act, Act No. 433 of 1954 (LSA-R.S. 13:-3381 et seq.) effected a change in the substantive law of Louisiana so as to grant or confer the right of contribution as between joint tort-feasors so as now to permit an alleged tort-feasor to be brought into an action for damages on the basis of contribution or otherwise by the other tort-feasor who is alone sued in the original action. The court reviewed, in detail, the jurisprudence of this State with respect to the issues presented; it stated:
 

 “The general rule of law well established in the jurisprudence of this State is there is no right of contribution between joint tort-feasors unless and until they have been condemned in a judgment in solido, and then only in favor of the joint tort-feasor who has paid the damages awarded. * * *
 

 «$ ‡ *
 

 “ * * * there is no substantive law in this State granting or conferring a right upon a joint tort-feasor to contribution from another tortfeasor as such and simply because of such relationship.
 
 The right of contribution exists as betzveen them only when they have become solidary obligors as judgment debtors, and then where one has paid the obligation, or a portion thereof, at least, in excess of his pro rata share.
 

 it
 
 * * *
 

 “The reason for the rule of non-contribution among joint tort-feasors is founded upon public policy that no one can allege his own turpitude or claim an advantage for his own wrong.
 

 * * *
 

 (<
 
 ‡ ‡
 

 “ * * * As to joint tort-fea
 
 *422
 
 sors, a plaintiff has a right to sue any one or all as he chooses. He may sue as many defendants as he chooses who he thinks may be liable in damages. The Legislature has not given this same choice to the defendants to bring in other parties who they think should be liable either in place of or jointly with those whom plaintiff has selected.
 

 * * #
 
 >9
 

 In the Kahn Case, the court concluded: (1) that as a general rule between joint tort-feasors as such there is no right of contribution until and unless they have been condemned in solido in an action by the injured party and then only in favor of the one who has paid the judgments; (2) that the Third-Party Practice Act is procedural in character and does not effect any change in the substantive laws of this State, particularly as pertains to the relationship of joint tort-feasors; and, (3) that the defendant, having no right to contribution from the alleged joint tort-feasors, had neither disclosed nor stated a cause of action against the parties sought to be made third-party defendants.
 

 The above case crystallized temporarily jhe jurisprudence of this State with respect to the matter involved, Cf., Waggonner v. Allstate Insurance Company, La.App., 128 So.2d 214; however, on January 1, 1961, Act 30 of 1960, Article 2103, LSA-R.C.C., supra, became effective (Brown v. New Amsterdam Casualty Company, 243 La. 271, 142 So.2d 796), and interpretations were demanded thereunder. In an explanatory note to the amended Article 2103,
 
 [5]
 
 Henry G. McMahon, Professor of Law, Louisiana State University, Coordinator and Reporter, Louisiana Code of Civil Procedure, states:
 

 “Amended on the recommendation of the Louisiana State Law Institute to provide a substantive law base for the enforcement of contribution among joint tort feasors through the third party demand. This article, as amended, implements Arts. 1111-1116, LSA-Code of Civil Procedure,
 
 [6]
 
 and over
 
 *424
 
 rules legislatively Kahn v. Urania Lumber Co. [La.], App.1958, 103 So.2d 476.” See, also, Travelers Insurance Co. v. Busy Electric Co., 5 Cir., 294 F.2d 139.
 

 In 1962, the Court of Appeal, Third Circuit, decided the case of Vidrine v. Simoneaux, 145 So.2d 400. The facts therein were identical to those of the present matter, with the exception that a third-party action was taken against the defendant Stelly in the trial court. The trial court rejected plaintiff’s demands against Stelly and dismissed the third-party action. Plaintiff did not appeal; defendant Simoneaux appealed, contending that his appeal brought the defendant Stelly before the appellate court. The Court of Appeal agreed with the contention of Simoneaux, placing little or no emphasis on the fact that Stelly had been named in a third-party pleading filed in the matter; it stated:
 

 “In view of the recent amendment to Article 2103 of the Civil Code, therefore, we hold that where two persons are sued as solidary obligors, and the plaintiff takes no appeal from a judgment which dismisses the suit as to one defendant and condemns the other, an appeal by the latter brings the discharged defendant before the appellate court, and the litigation may be continued against him as though an appeal from the judgment of dismissal had been taken by plaintiff.
 

 “In the instant suit we conclude that the appeal taken by Simoneaux brings his co-defendant Stelly before the appellate court, and, accordingly, it is proper for us to consider and determine on this appeal the liability vel non of Stelly.”
 
 [7]
 
 Cf. Fussell v. United States Fidelity and Guaranty Co., La.App., 153 So.2d 911; Stevens v. Liberty Mutual Insurance Company, 242 La. 1006, 141 So.2d 346.
 

 Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. LSA-C.C.P., Article 2082.
 
 [8]
 
 Appeals are favored and aided by the courts. Succession of Tullier, 216 La. 821, 44 So.2d 880; Vidrine v. American Employers Ins. Co., La.App., 129 So.2d 284. The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities. Sam v. Deville Gin, Inc., La.App., 143 So.2d 838. Unless the ground
 
 *426
 
 ■urged for the dismissal is free from doubt an appeal will be sustained. Police Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124.
 

 A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken. LSA-C.C.P., Article 2086. The sole object -of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of an inferior •court, and such right is extended not only to the parties to the suit in which the judgment is rendered, but also to a third-party when such third party is allegedly aggrieved by the judgment. Reid v. Monticello, 215 La. 444, 40 So.2d 814. Any one aggrieved by the judgment of a trial court has the right to appeal, unless he has .acquiesced therein, or is otherwise deprived of that remedy. White v. White, 153 La. 313, 95 So. 791. A party to a suit is given .an unqualified right to appeal from adverse final judgment and need not allege and show .a direct pecuniary interest in order to be entitled to appeal. Krauss Company v. Develle, 235 La. 1013, 106 So.2d 452.
 

 In the present matter, relators were named as defendants, thus being parties to the suit from its incipiency; they are allegedly aggrieved by the judgment of the trial court, which was in solido against "them. Defendant Bertucci’s negligence was . found to be the proximate cause of the instant accident; he denies the correctness of this finding and desires to have it reviewed.
 

 Plaintiff, as administrator of the estate of his minor daughter, is allegedly aggrieved by the judgment of the trial court, insofar as quantum is concerned, and has appealed in this respect. (It is possible that his award of $100.00, supra, for the use and benefit of his minor daughter could be increased and such increase assessed against relators.) The record is whole and is replete with testimony concerning Debra Marie Emmons’ scalp condition; as stated previously, the trial court found no causal connection between the condition and the accident; it is possible that this finding could be reversed on appeal, since plaintiff strenuously denies its correctness.
 

 An examination of Article 2103 discloses that its terms are directory and not mandatory. It recites that a defendant
 
 may
 
 seek to enforce contribution by making his solidary co-debtor a third party. There is no penalty imposed for failure to follow its provisions. A defendant who does not call in his co-debtor as a third-party defendant maintains rights under Articles 1111-1116, LSA-C.C.P. Cf. Perot v. United States Casualty Co., La.App., 98 So.2d 584.
 

 This Court has always followed the rule that it would not impute to a statute a meaning which would lead to an absurd result or extend to a statute a situation
 
 *428
 
 which the Legislature never intended to be covered thereby. Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237; City of New Orleans v. Leeco, Inc., 226 La. 335, 76 So.2d 387; Thompson v. Pest Control Commission, La.App., 75 So.2d 406.
 

 If we were to hold that Bertucci and Agricultural had no right of appeal herein against General Accident, we would be compelling them to have the question of negligence tried anew and perhaps then appealed; we would be attributing to the plaintiff the right to control the appeal and, so to speak, deprive relators of rights vested in them under the Constitution. When plaintiff named General Accident as a party defendant, General Accident was in the case; relators did not necessarily have to rename it as co-defendant in order to assert the solidary co-debtorship claim if liability is found to exist. To ascribe to Article 2103, LSA-R.C.C., the meaning which General Accident sets forth and urges would produce absurd results, bring about useless actions, and generate a multiplicity of suits which the law abhors. State v. Garner, 238 La. 563, 115 So.2d 855; State v. Smalling, 240 La. 887, 125 So.2d 399.
 
 [9]
 

 We conclude that the appeal taken by Bertucci and Agricultural brings their co-defendant General Accident before the appellate court; such appeal was tantamount to filing a third-party action.. Article 2103, LSA-R.C.C., contains the words “if he is. cast”, and by taking the appeal appellants Bertucci and Agricultural were continuing to deny liability on the obligation sued on by plaintiff and consequently came within the provisions of the article. It is, therefore, proper for the Court of Appeal, Fourth Circuit, to consider and determine,, on the present appeal, the liability vel non of General Accident and other related matters among the parties as concerns the instant demand.
 

 For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, dismissing the appeals taken by Peter Bertucci and Agricultural Insurance Company insofar as said appeals affected General Accident Fire and Life Assurance Corporation, Ltd. is reversed and set aside; it is now ordered that the present matter be remanded to the Court of Appeal for disposition on ■appeal in accordance with the views herein, expressed. Costs of these proceedings to be-borne by General Accident Fire and Life Assurance Corporation, Ltd. All other costs to await final determination of the case.
 

 [1]
 

 . In Ids reasons for -judgment, the trial judge stated that it was stipulated on trial that plaintiff’s property damage amounted to $100.00 and Ms medical expenses, $509.50.
 

 [2]
 

 . The trial judge found that General Accident paid the medical expenses declared ■.. upon under th.e medical payment provi- , siQns of its policy, but that said payment ......did not relieve the other co-defendants. •
 

 [3]
 

 . The trial judge stated in Ms reasons for judgment that consolidated with the present matter was a suit by Mrs. Emmons for recovery from Bertucci for damages alleged to have resulted from injuries suffered in the accident. Mrs. Emmons was awarded $500.00 by the trial court; if she appealed or took further action, such matters are not involved here- ■ in. ■ ■ •■
 

 [4]
 

 . Prior to tlie amendment, Article 2103 recited: “The obligation contracted
 
 in solido
 
 towards the creditor, is of right divided amongst the debtors, who, amongst themselves, are liable each only for liis part and portion.” (Emphasis ours.)
 

 [5]
 

 . “This court has previously pointed out that the comments to the various articles of the Criminal Code, printed as footnotes, have legislative sanction, and that it is appropriate and proper to take into consideration these comments in endeavoring to interpret and construe the provisions of the articles found therein. See State v. Davis, 208 La. 954, 977, 23 So.2d 801.” State v. Broadnax, 216 La. 1003, 45 So.2d 604. See State v. Daniels, 236 La. 998, 109 So.2d 896. The rule, as stated, would apply to articles of the Revised Civil Code.
 

 [6]
 

 . “The new Code [of Civil Procedure] consolidates the procedural rules applicable generally to civil actions and proceedings, modernizes the state’s system of civil procedure and adapts it for efficient use under modern social and economic conditions.” Preface by Publisher to Yol. 1, West’s LSA Civil Procedure, p. III. Art. 2103, LSA-R.C.C., is an exemplification of the program of efficiency and modernization.
 

 [7]
 

 . The appellate court found Stelly negligent and assessed him for damages in solido with Simoneaux.
 

 [8]
 

 . Paragraph (c) of the Official Revision Comments states: “The broad language of the above article is sufficient to cover all parties, and the terms ‘revised, modified, set aside, or reversed’ include parts of judgments as well as entire judgments, and are applicable to incidental demands as well as principal demands.”
 

 [9]
 

 . All testimony being in tbe present record, it can be used for tbe purpose of finally determining guilt and solidary liability. There is no showing that the record as made up could not be used to finally determine the issues and rights of the parties.