SANDERS, Justice
(concurring in par*' and dissenting in part).
The judgment in favor of plaintiffs, in my opinion, is eminently correct. The lifeguard was guilty of gross negligence, having a causal relation with the death of plaintiffs’ son.
The son’s contributory negligence is no bar to recovery, because under the facts, the lifeguard had a last clear chance to avoid the fatal drowning but failed to do so.
I have some doubt about the liability of the lifeguard’s father since the lifeguard was regularly employed by The East Baton Rouge Parish Recreation and Park Commission. But, assuming such liability, I dissent from that portion of the judgment which denies the Recreation and Park Commission’s right of contribution against its co-defendant for the appellate award increase.
LSA-C.C. Article 2103 provides:
“When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
“A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.” (Italics mine.)
The Article permits, but does not require, a third party demand to enforce contribution against a co-defendant. In the absence of a third party demand, a defendant’s appeal brings before the appellate court the issue of contribution against a co-defendant liable in solido with appellant. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594; Murry v. Bankers Fire & Marine Insurance Compa *793 ny, La.App., 198 So.2d 532; Vidrine v. Simoneaux, La.App., 145 So.2d 400; 24 La. L.Rev. 308.
I agree that the award in favor of plaintiff cannot be increased against Green, since the plaintiff filed no answer to the appeal taken by him. LSA-C.C.P. Art. 2133.
But, the defendant Recreation and Park Commission did appeal; hence, both defendants were before the Court of Appeal for the determination of rights to contribution as between the defendants. By virtue of writs, both defendants are in this Court. I am of the view the increased award in favor of plaintiff should be against the East Baton Rouge Parish Recreation and Park Commission alone, but the Court should recognize the Commission’s right of contribution against its co-defendant for one-half of the award.
For the reasons assigned, I concur in part and dissent only from that portion of the judgment denying contribution.