ON MOTION TO DISMISS APPEAL
SANDERS, Justice.
This is a suit by Jasper King and nine other taxpayers of Waterworks District No. 2 of the Parish of Cameron to enjoin the issuance and sale of the ad valorem bonds authorized at an election held within the Waterworks District on May 3, 1969. Several corporations and individuals intervened in the proceeding also seeking an injunction against the Waterworks District and its Commissioners.
The district court rendered judgment in favor of the Waterworks District denying the injunction and dismissing the suit. Plaintiffs’ and intervenors’ motion for a new trial was denied on March 17, 1970. Plaintiffs and intervenors filed a joint motion for a devolutive appeal on June 10, 1970.
In this Court, the defendants have filed a motion to dismiss the appeal as untimely. They assert that the delay for taking an appeal in this case is thirty days from the date of the denial of the rehearing.
LSA-R.S. 13 :4452, the statute relied on, provides:
“An appeal from a judgment in a case involving the validity of bonds or certificates of indebtedness of a public board or corporation, or political subdivision of the state, or of taxes or assessments necessary to pay the principal and interest thereon, can be taken only within thirty days of the applicable date provided in Article 2087(1-3) of the Code of Civil Procedure.”
Waterworks District No. 2 of the Parish of Cameron is a political subdivision of the *379 state. See LSA-R.S. 39:471. Hence, if the present suit is one of those described in the foregoing statute, the appeal must have been taken within thirty days from March 17, 1970, the date the Court denied the rehearing. See LSA-C.C.P. Art. 2087.
Plaintiffs’ petition, as well as the petitions of intervention, alleges irregularities in the formation of the Water District and in the tax election held to authorize the imposition of an ad valorem property tax and the issuance of bonds payable out of the tax revenues. Because of these irregularities, it is alleged that the “election and all proceedings preliminary thereto, or connected therewith, and especially the proposed bond issue and tax, are null and void.” The prayer is for an injunction prohibiting the defendants from issuing or selling the bonds and from assessing or collecting the tax against the property within the district.
The appellants contend that the 30-day statute is inapplicable, because the suit attacks the validity of the Water District itself and the election to levy the ad valorem tax to support the issuance of the bonds. This contention lacks merit. The statute was designed to shorten the judicial procedures for determining the validity of public bonds and bond-supporting taxes. The present suit falls within the ambit of the ■statute. Clearly, this case is one “involving the validity of bonds * * * [and] of taxes * * * necessary to pay the principal and interest thereon.”
The law is well settled, of course, that appeals are favored and will be dismissed only for substantial causes. General Motors Accept. Corp. v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190; Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594. We conclude, however, that the present appeal is untimely and must be dismissed.
For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal is dismissed at appellants’ costs.