ON MOTION BY THE COURT TO DISMISS
Before SAMUEL, REDMANN and GULOTTA, JJ.
REDMANN, Judge.
On our own motion we dismiss this appeal from an August 17, 1970 decision of *879 the New Orleans City Civil Service Commission.
Plaintiff’s motion for appeal was filed October 26, 1973. La.Const. art. 14, § 15(0) (1) grants an appeal “if application to the Commission is made within thirty (30) days after the Commission’s decision becomes final.”
Presumably the Commission decision’s finality might be delayed by a reasonable time for applying for a rehearing; see Uniform Rules, Courts of Appeal, Rule 16, § 1. But plaintiff’s motion, more than three years after the decision, is not argued to have been timely on any such theory.
Plaintiff avers that prior counsel’s admittedly erroneous advice was that she had ten years (sic) to appeal. Plaintiff suggests we have “equitable jurisdiction” to avert the “irreparable harm” she will be caused by prior counsel’s error.
Plaintiff cites Department of Highways v. Clemmons, 1968, 252 La. 51, 209 So.2d 18, cert. denied 393 U.S. 847, 89 S.Ct. 133, 21 L.Ed.2d 118, as authority for “equity jurisdiction” to modify a definitive judgment.
In Clemmons the highway department and its contractor were cast in solido for a taking of dirt for highway construction, and the department was cast on the contractor’s third party demand. The department alone obtained certiorari, and ultimately a substantial reduction of the judgment. Meanwhile the judgment against the contractor became (under jurisprudential rules) definitive and execution was initiated. Clemmons was a proceeding by the department to enjoin execution against its contractor (to whom it owed contractual indemnity). We distinguish Clemmons as a case where the judgment had been timely appealed by a party who was adversely affected by the judgment against its co-defendant because of appellant’s obligation to indemnify the co-defendant. An appeal is not limited in Louisiana except when the appellant designates only portions of the record; C.C.P. art. 2129.[1] See also Thurman v. Star Elec. Supply, La.1973, 283 So.2d 212.
Our point is that, whatever the theory, in fact Clemmons involved a timely appeal, and only ruled as to the effect of that timely appeal. In our case there was no timely appeal.
In our case there is no theoretical basis for preventing definitiveness of the commission’s decision and for allowing us to grant an appeal when the constitutional authority for appeal exists only on application within 30 days of the commission’s final decision.
The appeal is dismissed.

. It is only an answer to an appeal, C.C.P. art. 2133, which seems to limit the appellate court’s otherwise plenary power under C.C.P. art. 2164. See also C.C.P. art. 2086, allowing appeal even by a non-party who could have intervened. In Clemmons, since the department obviously could have intervened in the demand against its contractor, the department’s appeal could have been (though it was not) expressly construed as including an appeal by the department from the judgment against the contractor. See Emmons v. Agricultural Ins. Co., 1963, 245 La. 411, 158 So.2d 594; but see Williams v. City of Baton Rouge, 1968, 252 La. 770, 214 So.2d 138. For an example of a party being treated as a non-party, see Bellow v. New York Fire & Marine Underwriters, La.App.1968, 215 So.2d 350. See also, for analogous reasoning, Smith v. Baton Rouge Bank & Tr. Co., La.App.1973, 286 So.2d 394. However, the ordinary rule has been that an appeal by one solidary obligor does not “inure to the benefit of other solidary obligors”; see Wright v. Mark C. Smith & Sons, La.1973, 283 So.2d 85, 93.