HALL, Judge.
This is a malpractice suit by a client against an attorney for allegedly allowing a claim against an insurance company to prescribe. On defendant’s motion, the insurance company was also made a party to the suit. This appeal by the defendant attorney is from a judgment of the district court sustaining an exception of prescription filed by the insurance company and overruling the defendant attorney’s motion to strike the plea of prescription and his motion to dismiss plaintiff’s suit. We affirm the judgment of the district court.
Plaintiff, Carruther Ewing, brought suit against defendant, James Sharp, Jr., a Monroe attorney, seeking to recover damages in the amount of $4,000. The essential allegations of the petition are that:
(1) A building owned by plaintiff was totally destroyed by fire on March 27, 1970;
(2) The building was insured against loss by fire by Royal Insurance Company;
(3) Plaintiff employed defendant on May 22, 1970, to represent him in connection with his claim against the insurance company;
(4) Plaintiff checked regularly with defendant to ascertain the progress on *904 the case and each time was advised it would take a while longer and a settlement would be obtained in due course;
(S) On July 6, 1971, plaintiff became impatient and contacted the insurance company’s adjuster who advised plaintiff that his claim against the insurance company had prescribed and was no longer enforceable : and
Plaintiff has been damaged in the amount of $4,000, the policy limits, as a direct consequence of the negligence and fault of the defendant in permitting the claim to prescribe.
The defendant Sharp filed:
(1) An exception of nonjoinder of necessary party, praying that the plaintiff be ordered to amend his petition to join Royal Insurance Company as a necessary party defendant and in default of such amendment within a reasonable delay to be fixed by the court that plaintiff’s suit be dismissed ;
(2) Exception of lack of procedural capacity ; and
(3)Exception of vagueness or ambiguity.
The minutes of the court reflect that at the hearing on the exceptions it was stipulated between counsel that the exception of lack of procedural capacity be overruled and that the exception of vagueness and ambiguity and the exception of nonjoinder of necessary party be sustained which was so ordered by the court.
Plaintiff then filed an amended petition supplying the information called for in the exception of vagueness, attaching the policy of insurance, and naming Royal Insurance Company as an additional defendant. The amended petition prayed “for all of the relief originally sought in the prayer of the original petition”.
Defendant Sharp then filed a motion to dismiss based on allegations that the amended petition did not join Royal Insurance Company as a necessary party defendant pursuant to the ruling of the court in that it failed to allege any claim against Royal Insurance Company and failed to pray for any relief against the insurance company.
Royal Insurance Company then filed a peremptory exception of prescription alleging that the fire occurred on March 27, 1970, plaintiff’s amended petition joining the insurance company as a party defendant was filed on September 4, 1973, more than twelve months following the date of the fire, and, therefore, any cause of action which plaintiff may have had against the insurance company had prescribed under the provisions of the policy and statutory law.
Defendant Sharp then filed a motion to strike the peremptory exception of prescription contending that since plaintiff had failed to allege any claim against the insurance company and had failed to make the insurance company a party defendant the peremptory exception of prescription was an invalid defense and should be stricken.
The minutes of the court reflect that the exception of prescription and motions to dismiss and to strike were taken up, argued and taken under advisement, with counsel for all parties present at the hearing. Subsequently, in well-reasoned written reasons for judgment, the district court sustained the exception of prescription and overruled the motions to dismiss and to strike. Judgment was rendered accordingly. After a motion for new trial filed by defendant Sharp was overruled, the defendant Sharp perfected a devolutive appeal. Plaintiff did not appeal and has made no appearance on appeal.
On appeal defendant Sharp contends the district court erred in overruling his motions to dismiss and to strike and in sustaining the defendant insurance company’s *905 exception of prescription. The defendant insurance company urges the correctness of the judgment of the district court and further contends that defendant Sharp has no right to appeal from the judgment sustaining the plea of prescription and dismissing plaintiff’s suit in that he is not a party to that controversy between the plaintiff and the defendant insurance company.
Before discussing the issues, it should be noted, as pointed out in the trial court’s reasons for judgment, that the order sustaining the exception of nonjoinder of a necessary party was made pursuant to a stipulation of counsel and was not based on a considered judgment of the district court that the insurance company was, in fact, a necessary party. The presence of the insurance company in this suit when neither the plaintiff nor the defendant Sharp actually makes any claim against it accounts for the somewhat unusual posture of the case at this point.

Right to Appeal

The defendant insurance company attacks the right of the defendant Sharp to appeal from the judgment sustaining the insurance company’s exception of prescription and dismissing plaintiff’s demands against the insurance company.
In Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963), the court held:
“Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. LSA-C.C. P., Article 2082. Appeals are favored and aided by the courts. Succession of Tullier, 216 La. 821, 44 So. 2d 880; Vidrine v. American Employers Ins. Co., La.App., 129 So.2d 284. The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities. Sam v. Deville Gin, Inc., La. App., 143 So.2d 838. Unless the ground urged for the dismissal is free from doubt an appeal will be sustained. Police Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124.
“ . . . Any one aggrieved by the judgment of a trial court has the right to appeal, unless he has acquiesced therein, or is otherwise deprived of that remedy. White v. White, 153 La. 313, 95 So. 791. A party to a suit is given an unqualified right to appeal from adverse final judgment and need not allege and show a direct pecuniary interest in order to be entitled to appeal. Krauss Company v. Develle, 235 La. 1013, 106 So.2d 452.”
One of the key issues on which the litigation between plaintiff and defendant Sharp will turn is the issue of whether plaintiff’s claim against the insurance company has prescribed by reason of failure to file suit within one year after the date of the loss. Thus, defendant Sharp has a very real and actual interest in the judgment rendered on the defendant insurance company’s exception of prescription. Although defendant Sharp may not have a direct pecuniary interest in the judgment he is a party to the suit in which the final judgment was rendered, he is aggrieved by the judgment, and he has an actual interest because the judgment may have a direct bearing on the ultimate outcome of this litigation. We conclude the appeal is proper and the issue of the correctness of the judgment sustaining the exception of prescription is before this court for consideration, along with the portion of the judgment overruling the motions to strike and to dismiss.

Motions to Dismiss and to Strike

Defendant’s motions to strike the insurance company’s exception of prescription and to dismiss the plaintiff’s petition both rest on the basis that plaintiff did not properly make the insurance company a *906 party defendant in that plaintiff prays for no relief against the insurance company.
First of all, plaintiffs petition as amended can reasonably be interpreted as praying for any relief which may be available under the pleadings, law and evidence against both the original defendant Sharp and the additional defendant Royal Insurance Company.
Even if plaintiff’s amended petition does not have the effect of praying for relief against the insurance company, plaintiff has fully complied with the ruling of the court pursuant to counsels’ stipulation sustaining the exception of nonjoinder of a necessary party. The ruling does not require plaintiff to seek any specific relief against the insurance company, but only has the effect of ordering plaintiff to bring the insurance company into the suit as a party defendant. As noted by the trial judge, there is nothing in the law which allows a court to force or require this plaintiff to assert a claim against the insurance company. No issue has been raised as to prematurity of plaintiff’s claim against the defendant Sharp or the necessity that plaintiff first pursue its claim against the insurance company as a prerequisite to establishing a cause of action against the defendant attorney. The order sustaining the exception of nonjoinder of necessary party was not couched in such terms but, in effect, merely ordered plaintiff to make the insurance company a party defendant and cite it to appear and answer, which was done. The motion to dismiss plaintiff’s suit as having failed to comply with the order is without merit.
Likewise, the motion to strike the insurance company’s exception of prescription is without merit. The insurance company was named a party defendant and was cited to appear and answer plaintiff’s petition. The insurance company responded with a peremptory exception of prescription praying that plaintiff’s suit against the insurance company be dismissed for the reason that any cause of action plaintiff may have had is barred by failure to file suit within one year of the date of plaintiff’s alleged loss. Having been brought into the suit as a party defendant, the insurance company was entitled to raise this or any other defense it might have to plaintiff’s suit and to have the issue adjudicated. The motion to strike was properly overruled.

Exception of Prescription

LSA-R.S. 22:691F. specifically requires that a standard fire insurance policy contain the provision:
“Suit—No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.”
The policy issued by the defendant insurance company to the plaintiff contains this identical provision. This provision was interpreted, approved and enforced as written by the Supreme Court in Gremillion v. Travelers Indemnity Company, 256 La. 974, 240 So.2d 727 (1970).
The allegations of plaintiff’s petition show on their face that any claim plaintiff may have had against the insurance company under the fire insurance policy is barred by failure to commence suit within twelve months after inception of the loss under the terms of the statutory provisions and the policy itself. No evidence was offered at the hearing on the exception of prescription by either plaintiff or defendant Sharp to show plaintiff was lulled into a belief he would receive an amount satisfactory to him or to show a waiver of the policy provision or any other justification for the delay in filing suit. No evidence having been offered at the hearing, at which defendant Sharp was present, the court properly considered and ruled on the exception on the basis of the pleadings.
*907 Defendant Sharp’s primary contention in this regard is that the court should have required evidence to support the facts alleged in the petition and in the insurance company’s exception. It was not necessary for the defendant insurance company to offer any evidence in support of its exception where the allegations of plaintiff’s petition affirmatively show that any claim plaintiff had has prescribed. As pointed out above, neither plaintiff nor the defendant Sharp offered any evidence to show any reason why the policy provisions should not be enforced as written.
For the reasons assigned, the judgment of the district court is affirmed, at appellant’s costs.
Affirmed.