STOKER, Judge.
The plaintiff, Jesse J. Silas, filed suit against Coleman Chrysler-Plymouth-Dodge, Inc. (Coleman) and Chrysler Corporation for the rescission of the sale of a 1985 Plymouth Gran Fury. The plaintiff demanded the return of the purchase price and reasonable attorney’s fees. Coleman filed a third-party demand against Chrysler seeking indemnification for any sum which Coleman might be cast in the plaintiff’s principal demand and reasonable attorney’s fees. After trial on the merits, the trial court found that the vehicle contained red-hibitory vices attributable to Chrysler and unknown to Coleman. The trial court rendered judgment in favor of the plaintiff and against Chrysler, rescinding the sale of the vehicle and awarding a return of the purchase price in the amount of $9,999 with legal interest. Judgment was also rendered in favor of plaintiff and against Chrysler, awarding attorney’s fees in the amount of $2,000. The trial court additionally cast Chrysler in judgment for attorney’s fees for Coleman in the amount of $1,250. Chrysler has appealed only that portion of the judgment which awarded attorney’s fees to Coleman. In all other respects the judgment is final. Chrysler asserts by way of this appeal that there is no basis in law or fact for the award of attorney’s fees to Coleman. Alternatively Chrysler urges that the amount awarded is excessive.
ISSUE PRESENTED FOR REVIEW
In Louisiana, attorney’s fees are not allowed except when authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985). LSA-C.C. art. 2531 sets forth the liability of a manufacturer to a seller for losses sustained by the seller in the event that he is held liable because of redhibitory defects in the thing sold. LSA-C.C. art. 2531 provides, in pertinent part, that:
“In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect.”
Chrysler asserts that the trial court committed manifest error in awarding attorney’s fees to Coleman and sets forth the following argument in support of its contention. LSA-C.C. art. 2531 provides a seller in good faith an action for indemnification and attorney’s fees, but Coleman, it argues, was not a seller in good faith. *8 While the judgment is silent as to any liability on Coleman’s part and as to its third-party demand against Chrysler, the trial judge did make a finding of good faith on Coleman’s part.
The trial judge’s written reasons for judgment were, in pertinent part, as follows:
“The evidence at trial was so overwhelmingly to the effect that the vehicle was afflicted with redhibitory vices that a ruling was made from the bench that its use was so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of such vices. The vices were of such a nature as to have necessarily been caused in the manufacturing process and were unknown to and incor-rectible by the seller, therefore relieving it of responsibility herein.” (Emphasis added)
Chrysler argues that the evidence does not support the trial judge’s factual finding, and he was therefore in error in granting attorney’s fees. Alternatively Chrysler urges that the award was excessive.
WAS COLEMAN A GOOD FAITH SELLER?
Jesse Silas purchased the automobile in question from Coleman on July 4, 1985. The Coleman salesman, Charles Parks, took the automobile to the Silas’s home for a test drive and inspection several. days before the purchase. Mr. Silas, an experienced mechanic, checked the car closely and detected only one apparent problem with the panel behind the backseat. Coleman assured Mr. Silas that the problem would be remedied. Mr. Silas testified that within days of the purchase he brought the car in to be checked for transmission slippage, a miss in the engine and a leak in the power steering seal. This was corroborated by Mr. Parks’s testimony. Mr. Silas testified that he took the car in practically every week from June of 1985 to June of 1986 to have something repaired. He testified that the wiring harness burned out, the doors were misaligned, the front end was out of alignment, the radio/tape player went out, the alternator, carburetor and windshield wiper motor had to be replaced and numerous other problems developed with the car. Eventually the car could not be started without a jump start and it would die unexpectedly, leaving him or members of his family stranded.
Mr. Silas did not provide any documentation of repairs done to the car by Coleman, but the complaints were corroborated by Mr. Parks. Additionally, Coleman’s service manager, Alton Phillips, testified that if Mr. Silas brought the car in on Saturday no work order would have been prepared because the shop was closed. Mr. Phillips did remember at least one occasion when the car was left at the dealership with a list in it of four items to be repaired. Mr. Parks and Mr. Phillips also identified, at trial, two warranty repair invoices dated December 12, 1984 and January 5, 1985 for the same Gran Fury purchased by Mr. Silas. The December work order showed that repairs were made to the power steering and the door locks. The January work order showed a repair of the front wheel alignment. None of these repairs were disclosed to Mr. Silas at the time that he purchased the car.
These defects, while only two of the innumerable defects found to be redhibitory, were not apparent to Mr. Silas upon simple inspection and were not declared to him before or at the time of sale. LSA-C.C. arts. 2521, 2522. Mr. Silas proved that the vices existed before the time of sale. LSA-C.C. art. 2540. We find and so hold that because Coleman knew of these vices and failed to declare them to Mr. Silas, that it was a seller in bad faith. LSA-C.C. art. 2545.
This finding now leads us to the procedural complications of this case. The judgment is silent as to Coleman in all respects except for its demand against Chrysler for attorney’s fees. The plaintiff did not appeal the trial court’s failure to cast Coleman in judgment solidarity with Chrysler. Moreover, Chrysler filed no third-party demand for contribution against Coleman in the proceedings below. LSA-C.C. art. 1805; LSA-C.C.P. art. 1111-1116.
*9 The facts and alignment of parties present us with a procedural conundrum. The motion for appeal in this case is directed or taken by Chrysler as “defendant and third party defendant” from “the Judgment” in the case but Chrysler’s brief limits the appeal. On its face the appeal is from the judgment against Chrysler in favor of plaintiff and also in favor of Coleman. However, in its brief Chrysler specifically sets forth that it does not appeal from the judgment in favor of plaintiff. Therefore, the appeal is directed solely against Coleman but is limited to the issue of Coleman’s right to attorney’s fees (and alternatively to the question of the amount). Had Chrysler not limited its appeal we might have considered granting it recovery against Coleman for contribution as was done in Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963). Emmons held that an appeal by a defendant brings before the appellate court a codefendant liable in soli-do even though no third-party demand has been filed. In this appeal, unlike Emmons, Chrysler, seeks no relief from the judgment in favor of plaintiff and seeks no contribution from Coleman.
Despite the considerations discussed, we see no reason why we may not consider the solidary liability of Coleman as it bears on the issue of the award of attorney’s fees to Coleman. We have concluded, based on the record before us, that Coleman was a bad faith seller and the trial court was in error in finding otherwise. Accordingly, Coleman is solidarity liable for plaintiff’s damages; however, the judgment is final as between plaintiff and Coleman because plaintiff failed to appeal as to Coleman. No judgment can be rendered in favor of plaintiff against Coleman. Roy v. Edmonson, 221 So.2d 583 (La.App. 4th Cir.1969). Nevertheless, we may consider the solidary liability issue with respect to the award of attorney’s fees to Coleman against Chrysler.
A further procedural issue we consider but pretermit is the question of the rescission of the sale of the automobile by the judgment. The rescission by the judgment’s terms is against Chrysler, not Coleman. We have considered whether it might be proper to recast the judgment as was done in Baham v. Community Motors, Inc., 428 So.2d 867 (La.App. 1st Cir. 1983). Despite any error in the judgment in this respect, it is not necessary to recast the judgment in order to effect justice in this case. All Chrysler, as appellant, wants from the court is to be relieved from the necessity of paying attorney’s fees to Coleman. That we can do by a simple reversal of the judgment in favor of Coleman on its third party demand against Chrysler.
DECREE
For the foregoing reasons the judgment appealed from in this case is reversed insofar as it awards attorney’s fees in favor of James E. Beal, attorney for Coleman Chrysler-Plymouth-Dodge, Inc., in the amount of $1,250, and the demands asserted in the third-party demand of Coleman against Chrysler Corporation are dismissed and the costs of that third-party action and the costs of this appeal are assessed against the third-party plaintiff, Coleman.
REVERSED IN PART.