LOLLEY, J.
[t Charlie and Janet Gentry, grandparents of the minor child D.E., appeal the judgment of the Caddo Juvenile Court, Parish of Caddo, State of Louisiana, removing them from the litigation and awarding domiciliary custody of the minor child to Douglas Estey, Jr., the child’s father. For the following reasons, we dismiss the appeal.
Facts
Miranda Gentry Burchette (“the mother”) and Douglas “D.J.” Estey, Jr. (“the father”) are the biological parents of the minor child D.E. who is currently 11 years old. Both parents have a history of substance abuse and the two collectively decided to leave D.E. in the care of the maternal grandparents, Charlie and Janet Gentry (“the Gentrys”), when the child was a baby. This decision was followed by an Interim Order by the First Judicial District Court for Caddo Parish, Louisiana granting the Gentrys custody of D.E.
In early 2006 the Gentrys attempted to adopt D.E. While the mother consented to the adoption, the father of D.E. opposed it and sought to modify the custody decree that was currently in place, thereby staying the adoption proceeding. This custody litigation continued intermittently through 2009 in the district court.
The child remained in the custody and care of the Gentrys until D.E.’s paternal grandfather, Douglas Estey, Sr., filed a complaint with the Office of Community Services (“OCS”) alleging lack of supervision, physical abuse, and sexual abuse of both D.E. and his half sister J.H., who was also in the custody of the Gentrys. Both children were subsequently removed from the | gGentrys’ home and placed in the custody of the Department of Social Services (“DSS”) pursuant to an Instanter Order.
At a hearing on October 7, 2009, the juvenile court continued the custody of both children with the State while recommending foster care placement. On October 27, 2009, the State filed a petition alleging that the children were in need of care. At the appearance to answer the allegations, the Gentrys, the mother, and Jason Henley (the father of J.H.), denied the allegations while the father of D.E. admitted the children were in need of care and moved for custody of D.E. On December 9, 2009, the Gentrys and the mother jointly filed a motion for return of child custody requesting that custody of J.H. be returned to the mother. The juvenile court granted this motion and dismissed the child in need of care proceedings in regard to J.H. The Gentrys then stipulated, without admitting the allegations against them, that D.E. was in need of care.
A disposition hearing followed on January 13, 2010. At this hearing the juvenile court found that the Gentrys were no longer the legal custodians of the children, nor were they seeking custody of the children, and were, therefore, not parties to the proceedings. They were subsequently asked to leave the courtroom but remain at the courthouse as potential witnesses for the hearing. Counsel for the Gentrys objected to this classification, claiming that the Gentrys did in fact seek custody of D.E. The juvenile court then questioned a representative from OCS to determine what the Gentrys had done in furtherance of attempting to regain custody of D.E. The court found the Gentrys had not complied with the case plan and also 1¡¡that placement with the Gentrys was not recommended by OCS. Accordingly, the juvenile court sustained its ruling that the Gentrys were not parties to the proceeding. The disposition hearing ensued.
*1111 On March 12, 2010, the juvenile court rendered a written judgment of disposition placing D.E. in the joint custody of both his mother and his father, with his father as the domiciliary/custodial parent. Subsequently D.E. was moved to Indiana to reside with his father. The Gentrys filed this appeal which was answered by D.E. and the father of D.E. in opposition. The mother did not appeal the ruling.
Discussion
The right to appeal a juvenile court proceeding is conferred upon a party to the proceedings or any other party in interest. La. Ch. C. art. 331. The right to appeal, therefore, is not conferred upon nonparties to the proceeding.
It is undisputed that the Gentrys have been very instrumental in D.E.’s life: they provided a home for the child from the time he was very young; they bonded with the child; and, they actively participated in his life. However, this involvement does not necessarily confer upon the Gentrys the status of parties to the juvenile proceedings regarding him. Once there was an allegation made that the child was in need of care, and the Gentrys stipulated that the child was in fact in need of care while in the Gentrys’ custody, the child was removed from the custody of the Gen-trys and placed in the custody of the State of Louisiana pending a dispositional hearing. At this point the Gentrys were no longer parties to the proceeding as they were |4not parents, nor did they have custody of the child. The juvenile court properly excluded the Gentrys from the disposition proceeding as they were no longer parties. La. Ch. C. art. 679.
It would have been at this point that the Gentrys should have intervened if they wished to become parties to the proceeding. The juvenile court may allow any interested party for good cause shown to intervene in a child in need of care proceeding. La. Ch. C. art. 697. The Gen-trys did no such thing. When the Gentrys’ counsel stated that the couple wished to be considered for custody of D.E., this was not itself an intervention, and, therefore, is not enough for the Gentrys to be deemed parties to the proceedings. If the Gentrys had attempted to intervene and were then denied this opportunity through the discretion of the juvenile court, this decision by the juvenile court could have been raised and considered on appeal. However, because no action to intervene was taken, the Gentrys were not parents to the minor child, and the Gentrys no longer had custody of the minor child, they were not parties to the proceeding and have no right to an appeal before this court.
While it may appear that La. C.C.P. art. 2086[1] confers upon a person who could have intervened the right to appeal, there is an additional requirement. The person must also be aggrieved. Emmons v. Agricultural Ins. Co. 245 La. 411, 425, 158 So.2d 594, 599 (1963). As stated in Emmons, supra at 425, 158 So.2d 594, “The sole object of an appeal is to give an aggrieved Dparty to a suit recourse to a superior tribunal for the correction of a judgment of an inferior court ...” Here, the Gentrys were not recommended for placement by OCS and they were the very caretakers when the abuse occurred by which D.E. was deemed to be in need of care. Additionally, the father of D.E. has made material changes in his life and in his relationship with his son. When a child is found to be in need of care, the overriding consideration for placement is *1112 the health and safety of the child. La. Ch. C. art. 681. The juvenile court determined that the child’s health and safety were best served by placement with the parents. Therefore, because the Gentrys were not considered for placement, the decision to place the child with his parents does not injure the Gentrys. The Gentrys were not aggrieved by the decision of the juvenile court disposition hearing; thus, they lack the right to appeal on this theory as well.
As the juvenile court stated in its comments after the granting of the motion and order for appeal:
The Court grants the appeal of the Judgment of Adjudication and Disposition because the Motion for Appeal was timely filed within 15 days of issuance of notice of the Amended Judgment. However, the Court notes that the maternal grandparents, Charlie and Janet Gentry, stipulated to the Judgment of Adjudication. Moreover, following adjudication and removal of the children from the Gentry’s [sic ] custody, the Court found the Gentrys not to be proper parties to the litigation, as they were no longer guardians of the children and they were not “parents” as defined by the Children’s Code. The Gentrys neither participated in, nor were their rights effected [sic ] by the disposition. (Citations omitted; original emphasis).
| ¡/Therefore, under La. C.C.P. art. 2162, because the appellant has no right to appeal, this appeal is dismissed. As a result of this dismissal a discussion of the other assignments of error raised by the Gentrys is pretermitted.
Conclusion
Considering the foregoing, the appeal by Charlie and Janet Gentry is dismissed. All costs of these proceedings are assessed to the Gentrys.
APPEAL DISMISSED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.

. Juvenile court proceedings are governed by the Louisiana Children’s Code; however, when procedures are not provided for by the Children’s Code, the Louisiana Code of Civil Procedure governs. La. Ch. C. Art 104.