In this case, in April, 1943, judgment was rendered by this court, affirming judgment of the lower court, that ordered a partition in kind between the co-owners, plaintiffs and defendant, of a tract of land in Catahoula Parish, containing 414.51 acres. La. App., 14 So.2d 581. The Supreme Court denied an application for writ of review in the case and the judgments rendered therein are now and have been for over two years, res judicata of the only issue raised in the case, that of partition.
The lower court in its judgment referred the parties to H.W. Bethard, a notary public in Catahoula Parish, to effectuate the partition therein ordered.
On November 15, 1943, said notary public reported to the court that a partition in kind of the property involved was impossible, and referred the matter back to the court for further instructions. On the date this report was filed, counsel for the plaintiffs, in written motion, after mentioning *Page 683 
the contents of the notary's report, prayed that a partition by licitation be ordered as prayed for originally. This instrument is referred to as a motion to homologate the notary's report. On February 28, 1944, testimony was adduced on trial of the report. The notary public was sworn as a witness. He frankly states that he is not familiar with the property involved and did not examine same prior to making the report. He did not appoint experts to divide the property into lots. He also testified that he informed plaintiffs' counsel of his decision regarding the divisibility of the land in kind and that counsel prepared the report which he, the notary, signed. We quote the following portions of his testimony, to-wit:
"Q. Mr. Bethard, you set forth in this report that the partition of this property in kind is impossible, did you not? A. I don't know whether or not it is impossible. I would have to go down there and examine the property. I couldn't write it up, as I am not an expert.
* * * * *
Q. Would you express an opinion as to whether or not this property is divisible in kind? A. I wouldn't say whether I could or couldn't do it.
* * * * * "Q. Do you know of your own knowledge any way it could be divided into 45 parcels of equal value? A. I could not do it. It would take an expert."
[1] Defendant's counsel objected to the introduction of any testimony bearing upon the question of the indivisibility of the land in kind and was properly sustained by the trial judge on the ground that that question was foreclosed by the judgments heretofore rendered in the case. The motion to homologate was denied. Thereafter, plaintiffs' counsel moved to discharge the notary public appointed to make the partition and prayed for the appointment of experts "to determine and report to the court whether a partition in kind may be made, * * * and that partition by licitation or in kind be ordered according to the report of said experts * * *." The motion insofar as it prays for discharge of the notary was granted, but in other respects it was denied in formal judgment. The lower court assigned as its reason for not appointing the experts that the very question for which such appointment was desired has been once and for all time settled by prior judgments in the case.
Plaintiffs appealed and complain of each action of the court in denying them the relief sought.
[2] The action of the lower court in discharging the notary public appointed to make the partition is obviously correct. The notary made no effort whatever to carry out the mandate of the court appointing him. The trial judge assigned as reason for discharging the notary, his physical condition. The court did not appoint any one to succeed him. The notary's testimony is not in keeping with his report. His testimony does not support the contention that the land is not divisible in kind.
Plaintiffs complain bitterly of what they denominate a denial of justice in this case, in that, as by them contended, the courts have adjudged the property to be divisible in kind, whereas this cannot be done. As stated before, this issue is settled.
[3] In passing, we might add that a casual review of the record in this case confirms our original belief in the correctness of the judgment rendered by this court affirming that rendered by the lower court. But, even if we were wrong in our conclusions, the ultimate effect and result are the same. The questions and issues comprehended in said judgment now repose among the things adjudged and may not be resurrected by these litigants for further judicial attention. It has been said that the power to decide includes the power to decide incorrectly, as well as correctly. Pace Lake Gas Company, Inc., v. United Carbon Company, 177 La. 529, 148 So. 699.
[4] In a case of this character, the law is definite. The lower court will have to appoint another notary to make the partition. This appointee is authorized by Article No. 1367 of the Civil Code to appoint experts to divide the property and form lots which shall be drawn by the co-owners according to ownership. If it be found, in order to properly and equitably divide the property into lots, that the services of a surveyor are necessary, one may be employed for that purpose and the expenses incurred thereby will become costs in the case.
For the reasons herein assigned, the judgment appealed from is affirmed. Plaintiffs are cast for costs of appeal. *Page 684