FRUGÉ, Judge.
Plaintiff, Caren Fontenot, a passenger in an automobile involved in a collision, brought this suit for personal injuries. Defendants in the suit are Grain Dealers Mutual Insurance Company, as insurer of the driver of the vehicle in which Caren Fonte-not was a passenger, and Fidelity & Casualty Company of New York, the insurer *479 of the owner of the other vehicle. The trial court rendered judgment against defendant, Fidelity & Casualty Company, and dismissed plaintiff’s suit, with prejudice, against the other defendant, Grain Dealers Mutual Insurance Company.
Fidelity & Casualty Company appealed the trial court’s judgment. Plaintiff has taken no appeal from the judgment dismissing his suit against Grain Dealers Mutual Insurance Company. The case is now before this court on motion of Grain Dealers Mutual Insurance Company to dismiss the appeal as to it.
Counsel for Gram Dealers Mutual Insurance Company state in their brief, “This motion is based on the well settled proposition that in an action against two or more defendants who are alleged to be solidarily liable, and one of the defendants is dismissed and plaintiff does not appeal, then an appeal by the defendant cast in the judgment has no effect against the defendant who was not cast. W. E. Waggonner v. Allstate Insurance Company, et al [La. App.], 128 So.2d 214.”
Counsel’s argument ignores our decision in Vidrine v. Simoneaux, La.App. 3rd Cir., 145 So.2d 400, where we considered the effects of the 1960 amendment to LSA-R.C.C. Art. 2103, regarding the right to contribution among joint tortfeasors. There we stated, “In view of the recent amendment to Article 2103 of the Civil Code, therefore, we hold that where two persons are sued as solidary obligors, and the plaintiff takes no appeal from a judgment which dismisses the suit as to one defendant and condemns the other, an appeal by the latter brings the discharged defendant before the appellate court, and the litigation may be continued against him as though an appeal from the judgment of dismissal had been taken by plaintiff.”
Our Supreme Court has adopted this view as its own in the recent case of Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594, noting that to hold otherwise would allow a plaintiff to “control the appeal and, so to speak, deprive rela-tors of rights vested in them under the Constitution.”
For the reasons set forth in this opinion, the motion to dismiss the appeal as to Grain Dealers Mutual Insurance Company is denied.
Motion to dismiss appeal denied.