370 So.2d 596 (1979)
Walter ROBERTSON et al.
v.
Leroy PERRY et al.
No. 9824.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Order On Rehearing Denied April 16, 1979.
On Rehearing May 8, 1979.
*597 Lester J. Waldmann (Tooley, Gardner & Waldmann), Gretna, for plaintiffs.
David M. Cambre (Dillon, Cambre & Marshall), New Orleans, for defendants South Carolina Ins. Co.
Before REDMANN, STOULIG and BEER, JJ.
Per Curiam On Rehearing May 8, 1979.
REDMANN, Judge.
Defendant homeowner's liability insurer appeals, on issues of its coverage and of its insured's liability, from a judgment for plaintiff's child's injury by a toy motor scooter owned by the named insured's 11-year-old child but operated by a 13-year-old neighbor.

Coverage
The insurer relies on the policy's exclusion of:
bodily injury . . . arising out of the ownership . . . operation, [or] use. . . of:
(3) any recreational motor vehicle owned by any Insured, if the bodily injury . . . occurs away from the residence premises. . . .
The evident "reason" for the exclusion is stated by Couch, Insurance 2d, 44:453: "coverage in such case is ordinarily procured as automobile public liability insurance." See also Long, The Law of Liability Insurance, app. 44, commenting on the Standard Provisions for General Liability Insurance effective October 1966 (not contained in our policy). Long notes that those general liability provisions cover "mobile equipment," including any land vehicle not subject to motor vehicle registration. The clarity of those provisions would avoid the problem of having general liability insurance (through a homeowner's policy) as well as automobile liability insurance yet finding both insurers, post-accident, denying coverage.
Defendant homeowner's liability insurer argues that the motor-propelled toy is a "recreational motor vehicle" within the exclusion and that, because the injury occurred in the street at the curb in front of a driveway adjoining the insured's house and lot, it occurred "away from the residence premises." ("Residence premises" is defined as the "dwelling building, appurtenant structures, grounds and private approaches thereto.")
We disagree as to the applicability of this exclusion. To be a "recreational motor vehicle," a thing must be, in the first place, a motor vehicle. The policy provides: "`recreational motor vehicle': means (1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads."
The word vehicle is applied to many things, such as vehicles of medicine, ideas, paint pigments, artistry. The common thread is conveyance: inert liquid conveys active medicine; words convey ideas; oil conveys paint pigment; a concerto conveys the pianist's art, or a play conveys an author's message.
*598 We recall toy automobiles in which a child can sit and which are propelled at low speed by a battery-powered motor. Such a toy is not a recreational motor vehicle because it is not, in the ordinary sense of a motor vehicle,[1] a vehicle. It is not a conveyance but an entertainment; it is not, in the ordinary sense, a means for carrying a person or thing from one place to another. It is an imitation of a motor vehicle, a child's plaything.
Like that toy automobile, the toy scooter here is not a means of transportation. It is not a reduced-size motorcycle, a "minibike" with powerful engine capable of relatively high speeds. It uses a lawn-mower size or smaller engine capable of speed of five to ten mph, a speed easily attainable on the ordinary bicycle. Its tires are no more than ten inches in outside diameter, on axles bolted directly to its tubular frame with neither springs nor shock absorbers. Its seat is slightly more than knee-high to its now 13-year-old owner. We conclude that it is not a vehicle within the ordinary understanding of the term in the phrase motor vehicle.[2] It is at least doubtful that the exclusion applies, and therefore, because policy clauses must be construed against the insurer, Albritton v. Fireman's Fund Ins. Co., 1954, 224 La. 522, 70 So.2d 111, and exclusions must be strictly construed in favor of coverage, Brouillette v. Phoenix Assur. Co., La.App. 4 Cir. 1977, 340 So.2d 667, writ refused 342 So.2d 1115, we construe the exclusion as inapplicable.

Insured's Liability
Although we have no doubt that the insured is not liable, the difficult question of whether the exclusion applies had to be resolved because of a procedural problem. The insured was also cast by the judgment appealed from, but the insurer alone appealed. The insured had been represented by other counsel, presumably because of the conflict on the coverage question, but that counsel withdrew. If the judgment is final as to the insured, and the exclusion is inapplicable, then the insurer cannot raise moot arguments about its insured's already finally adjudicated liability. On the other hand, if the insurer's unlimited appeal from the judgment necessarily constituted a conditional appeal from the casting of its insured, so that the judgment as against the insured is not final but is reversible by us on the ground that he is not liable, then we may reverse on that ground as to the insurer.
We conclude, as in Emmons v. Agricultural Ins. Co., 1963, 245 La. 411, 158 So.2d 594, 600, relying on C.C.P. 2086's grant of the right of appeal to any person who could have intervened (as the insurer could, had the insured been sued alone), that the insurer's appeal does constitute an appeal from the judgment as against the insured. To hold otherwise "would be attributing to the [insured] the right to control the appeal and, so to speak, deprive [appellant insurers] of rights vested in them under the Constitution." Appellant insurer cannot have an appeal on the question of its insured's liability if its insured's failure to appeal "controls" the insurer's appeal. See also Vidrine v. Simoneaux, La.App. 3 Cir. 1962, 145 So.2d 400, cert. denied; Fontenot v. Grain Dealers Mut. Ins. Co., La.App. 3 Cir. 1964, 168 So.2d 478; Murry v. Bankers F. & M. Ins. Co., La.App. 3 Cir. 1967, 198 So.2d 532. Furthermore, from the insured's point of view, he had no need to have the judgment "revised, modified, set aside, or reversed", C.C.P. 2082, and therefore no need to appeal from the judgment, as long as it cast his insurer for its full amount: the insured is not aggrieved by the judgment as rendered.
*599 We recognize, as did Murry, at 198 So.2d 538 n. 12, that one defendant's appeal necessarily brings up the question of the other's liability only to the extent necessary to decide the first's appeal. Thus, if we reversed as to the insurer by applying the exclusion, that reversal would not reverse as to the insured on the ground that he was not liable. But, because we cannot reverse on the ground of the exclusion, and appellant insurer has the right to appeal on the question of its insured's liability, we must consider that ground although it requires reversal of a judgment against the insured who did not appeal. Otherwise the insurer will be liable to the insured and, as in Emmons, the absence of a third-party demand by the insured against the insurer is not pertinent; C.C.P. 1113 preserves his right to sue hereafter.
We do reverse because there is no basis for holding the insured liable for a neighbor child's negligent operation of the scooter. The scooter is not an unreasonably dangerous thing, such as the rifle the defendant parent allowed children to play with on the street in Sutton v. Champagne, 1917, 141 La. 469, 75 So. 209. (Lending even a rifle does not, in the absence of knowledge of the borrower's unsafeness, make the lender liable for injury caused by the borrower; Laney v. Stubbs, 1969, 255 La. 84, 229 So.2d 708.) This scooter was no more dangerous than an ordinary bicycle. Because of the absence of any showing of a breach by the insured or his son of a duty owed to the child knocked down by the neighbor child, the judgment against the insured, and therefore that against the insurer, must be reversed and plaintiff's suit against insured and insurer must be dismissed.
Reversed as to Leroy Perry and South Carolina Insurance Company.
STOULIG, Judge, concurring.
I concur.
I am in accord with the finding expressed in the majority opinion that there is no evidentiary basis for concluding that the insured Leroy Perry is liable for the negligent operation of the minibike by the neighbor's child. However I am also of the opinion that the motorized minibike qualifies as a "recreational motor vehicle" within the scope of the exclusion contained in the homeowner's policy issued by the South Carolina Insurance Company.

ORDER
The application for a rehearing of Walter Robertson is denied.
On the application of South Carolina Insurance Company, a partial rehearing is granted limited to the following issue:
Is a minibike a "recreational motor vehicle" within the contemplation of the exclusion contained in the liability insurance policy against coverage for bodily injuries arising out of its operation or use?
Matter is to be submitted on briefs only. Brief on behalf of South Carolina Insurance Company is to be filed by April 23, 1979 and the reply of Walter Robertson by April 30, 1979.
REDMANN, Judge.
I am of the opinion that both applications for rehearing should be denied.
PER CURIAM.
The limited rehearing granted by this court on April 16, 1979 is recalled, vacated and set aside, and our opinion of March 7, 1979 is reinstated.
NOTES
[1] The policy defines motor vehicle in terms of "a land motor vehicle . . .," thus using motor vehicle to define itself.
[2] Lalomia v. Bankers & S. Ins. Co., 1970, 35 App.Div. 114, 312 N.Y.S.2d 1018, app. dismissed 27 N.Y.2d 796, 315 N.Y.S.2d 856, 264 N.E.2d 349, app. denied 27 N.Y.2d 1001, 318 N.Y.S.2d 750, 267 N.E.2d 484, held that a bicycle to which an engine had been affixed became a motor vehicle for purposes of an exclusion. To the extent that Lalomia may conflict with this opinion, we simply disagree.