FRED W. JONES, Jr., Judge.
Plaintiff sued her former husband for a partition by licitation of property which had belonged to their community. Defendant answered in proper person, contesting the partition by licitation.
On November 27, 1979 the trial court signed a judgment ordering a partition by licitation and stipulating that the fee of plaintiff’s attorney should be taxed as costs and paid from the proceeds of the sheriff’s sale. Notice of the judgment was served on the defendant on December 10, 1979. No appeal was taken.
On April 18, 1980 plaintiff filed a rule which included a request that the court fix the amount of her attorney’s fee. That fee was set at $1500 in a judgment on the rule signed on July 15, 1980.
After the filing of the proces verbal of the sheriff’s sale and the tableau of distribution, plaintiff on August 6, 1980 filed a rule to have the proposed distribution of funds homologated. Defendant, now represented by counsel, filed an opposition to the rule in which he objected, among other things, to payment of any portion of the fee of plaintiff’s attorney out of defendant’s part of the proceeds of the public sale on the ground that defendant had contested the partition suit.[1] On October 14,1980 the trial judge signed a judgment of homologation, which included a provision that half of the fee fixed for plaintiff’s attorney was to be paid out of defendant’s share of the funds derived from the sheriff’s sale.
Defendant appealed this judgment of ho-mologation, asserting that the trial court erred in assessing his half of the public sale proceeds for any part of the fee set for plaintiff’s attorney.
It is apparent that the appellant’s complaint of trial court error is actually directed at the partition judgment dated November 27, 1979. This was a final judgment as defined by La.C.C.P. Art. 1841 because it determined “the merits in whole or in part.” See Junkin v. Carroway, 24 So.2d 682 (La. App.2d Cir.1946). Since the delays for appealing this judgment have lapsed,, it has become definitive. La.C.C.P. Art. 1842; La.C.C. Art. 3556 (31). Issues resolved by this judgment may not be raised again by the parties even though the judgment may have contained errors and would have been subject to reversal on appeal. Roddy v. Independent Oil and Chemical Workers Union, 233 So.2d 714 (La.App. 4th Cir. 1970); Fontenot v. Pan American Fire & Casualty Co., 209 So.2d 105 (La.App. 3rd Cir. 1968).
In Cheramie v. Archer, 360 So.2d 537 (La.App. 1st Cir. 1978), presenting a practically identical issue, some defendants complained of the lower court’s order that the attorney’s fee be paid out of the mass of the proceeds from a partition sale. These ap *1190 peals were dismissed because of the court’s determination that the partition judgment containing the alleged error had become final, even though the judgment of homolo-gation was still appealable.
The judgment in this case decreeing the partition and ordering payment of the fee of plaintiff’s attorney along with other costs from the proceeds of the public sale before distribution of the remainder to the owners of the partitioned property is final and definitive and not subject to reversal on this appeal. Since defendant complains of no errors in the judgment of homologation from which he actually appeals,[2] we affirm that judgment at appellant’s cost.

. La.C.C.P. Art. 4613 provides:
When there is no contest of the partition proceeding by any defendant, the court shall allow the attorney for the plaintiff a reasonable fee for his services. Except as provided in the second paragraph of this article, the fee shall be taxed as costs of court and paid out of the mass of the funds or the property partitioned, or thé proceeds of the latter if sold.
No portion of the fee may be paid out of the share of any party represented in the proceeding by an attorney, whether appointed by the court or selected by the party.

. Rule IX-A, Uniform Rules, Courts of Appeal (December 1, 1977) provides that ordinarily we will review “only issues which were submitted to the trial court and which are contained in the specification of errors in the briefs. .. . ”