CULPEPPER, Judge.
This case is a sequel to Rushing v. Insurance Company of North America, 391 So.2d 864 (La.App. 3rd Cir. 1980). In that case, the plaintiff, Lee Rushing, Jr., sued his employer, John L. Pleasant, and his workmen’s compensation insurer, Insurance Company of North America, for workmen’s compensation benefits and penalties and attorneys’ fees. The trial court originally rendered judgment in favor of the plaintiff and against the two defendants for workmen’s compensation benefits and penalties and attorneys’ fees. Only the insurer appealed. The employer did not appeal. In the Court of Appeal the judgment was affirmed, except that the award of penalties and attorneys’ fees was reversed and set aside, and penalties and attorneys’ fees were denied.
Following the judgment on appeal, the workmen’s compensation insurer paid the plaintiff all sums except penalties and attorneys’ fees. However, plaintiff refused to sign a release authorizing the clerk of court of Rapides Parish to cancel the judgment from his records. Plaintiff took the position that the judgment in the district court against the employer for penalties and attorneys’ had not been appealed by the employer and had become final.
The present matter involves a rule to show cause filed by the employer, John L. Pleasant, Sr., and the workmen’s compensation insurer, Insurance Company of North America, against Lee Rushing, Jr. and the clerk of court of Rapides Parish to show cause why the judgment rendered by the district court and amended by the Court of Appeal should not be canceled from the records. The district court ordered the judgment be deemed paid and that it be canceled from the records. The defendant-in-rule, Lee Rushing, Jr., appealed.
The issue is whether the appeal by the workmen’s compensation insurer served to raise on appeal the question of the insured’s liability for penalties and attorneys’ fees, even though the insured did not appeal.
At the outset we note there is no explanation in the record for the employer’s failure to appeal. There was no dispute between the employer and his insurer over coverage or any other matter. The same attorneys represented the insured and the insurer. Insofar as the record shows, the insurer simply complied with its duty under its policy to defend its insured in the trial court. After defendants lost in the district court, only the insurer appealed, and it briefed all issues regarding liability for workmen’s compensation benefits, penalties and attorneys’ fees as if both the insured and the insurer had appealed. In the present rule to show cause, the same attorneys are again also representing both the insured and the insurer seeking cancellation of the judgment. We do not have before us at this time any dispute between the insured and the insurer.
The defendant-in-rule relies on the general rule that where a defendant is cast and the delays for taking a suspensive or *1353 devolutive appeal elapse without his taking an appeal, the judgment becomes final as to him, and no court can alter its substance. Mitchell v. Louisiana Power & Light Company, 380 So.2d 743 (La.App. 4th Cir. 1980); LSA-C.C.P. articles 2082, 2087 and 2123. Also pertinent are the many cases decided under LSA-C.C.P. article 2133 holding that where a party neither appeals nor answers an appeal from a judgment of the district court, the judgment cannot be modified, revised or reversed in his favor. Arrow Construction Company, Inc. v. American Employers Insurance Company, 273 So.2d 582 (La.App. 1st Cir. 1973); Gaspard v. Aetna Insurance Company, 390 So.2d 243 (La.App. 3rd Cir. 1980).
Nevertheless, the plaintiffs-in-rule contend, and the trial court held, that the appeal by the insurer brought before the Court of Appeal the issue of the insured’s liability for penalties and attorneys’ fees, and that the decision of the Court of Appeal denying penalties and attorneys’ fees modified the judgment of the trial court so as to relieve the insured of paying these items.
Plaintiffs-in-rule argue first that under LSA-R.S. 23:1201.2 and the case of Carmouche v. Haynes Lumber Company, 378 So.2d 466 (La.App. 3rd Cir. 1979), an employer who is covered by workmen’s compensation insurance may not be cast for penalties and attorneys’ fees. The answer to this argument is that where a party has neither appealed nor answered an appeal and the judgment has become final as to him, he cannot thereafter question the judgment even though it may have been erroneous and subject to reversal on appeal. Williams v. Baker, 398 So.2d 1188 (La.App. 2d Cir. 1981); Fontenot v. Pan-American Fire & Casualty Company, 209 So.2d 105 (La.App. 3rd Cir. 1968), writ refused.
Plaintiffs-in-rule rely principally on two cases. The first is Robertson v. Perry, 370 So.2d 596 (La.App. 4th Cir. 1979). In that case, plaintiff’s minor child was injured by a toy motor scooter owned by defendant’s 11-year-old child but operated by a 13-year-old neighbor child. Plaintiff sued the defendant and his homeowner’s liability insurer. The district court held the motor scooter was covered by the homeowner’s policy, and that the defendant insured was liable. The trial court judgment was rendered in favor of the plaintiff and against both the defendant and his homeowner’s liability insurer. However, as in the present case, only the insurer appealed. Unlike the present case, the insured had been represented by other counsel in the district court, presumably because of the coverage question, but that counsel withdrew. On appeal, the Fourth Circuit held the toy motor scooter was not a “recreational motor vehicle” within the exclusion clause of the policy, and therefore that the motor scooter was covered. However, the court held the insured was not liable for a neighbor child’s negligent operation of the scooter, because the scooter was not an unreasonably dangerous thing.
In Robertson, the Court of Appeal having concluded there was coverage by the insurer but that the insured was not liable, the court had to face the difficult procedural problem caused by the fact that only the insurer appealed. The court held:
“[2] We conclude, as in Emmons v. Agricultural Ins. Co., 1963, 245 La. 411, 158 So.2d 594, 600, relying on C.C.P. 2086’s grant of the right of appeal to any person who could have intervened (as the insurer could, had the insured been sued alone), that the insurer’s appeal does constitute an appeal from the judgment as against the insured. To hold otherwise “would be attributing to the [insured] the right to control the appeal and, so to speak, deprive [appellant insurers] of rights vested in them under the Constitution.” Appellant insurer cannot have an appeal on the question of its insured’s liability if its insured’s failure to appeal “controls” the insurer’s appeal. See also Vidrine v. Simoneaux, La.App. 3 Cir. 1962, 145 So.2d 400, cert. denied; Fontenot v. Grain Dealers Mut. Ins. Co., La.App. 3 Cir. 1964, 168 So.2d 478; Murry v. Bankers F. & M. Ins. Co., La.App. 3 Cir. 1967, 198 So.2d 532. Furthermore, from the insured’s point of view, he had no need to have the judg- *1354 merit “revised, modified, set aside, or reversed”, C.C.P. 2082, and therefore no need to appeal from the judgment, as long as it cast his insurer for its full amount: the insured is not aggrieved by the judgment as rendered.
“[3] We recognize, as did Murry, at 198 So.2d 538 n. 12, that one defendant’s appeal necessarily brings up the question of the other’s liability only to the extent necessary to decide the first’s appeal. Thus, if we reversed as to the insurer by applying the exclusion, that reversal would not reverse as to the insured on the ground that he was not liable. But, because we cannot reverse on the ground of the exclusion, and appellant insurer has the right to appeal on the question of its insured’s liability, we must consider that ground although it requires reversal of a judgment against the insured who did not appeal. Otherwise the insurer will be liable to the insured and, as in Emmons, the absence of a third-party demand by the insured against the insurer is not pertinent; C.C.P. 1113 preserves his right to sue hereafter.”
The primary rationale stated in Robertson is that:
“To hold otherwise ‘would be attributing to the (insured) the right to control the appeal and, so to speak, deprive (appellant insurers) of rights vested in them under the Constitution.’ Appellant insurer cannot have an appeal on the question of its insured’s liability if its insured’s failure to appeal ‘controls’ the insurer’s appeal.”
We prefer not to apply that rationale here. Under the policy provisions in the present case, the insurer had the duty to “defend any (workmen’s compensation) proceeding against the insured seeking such benefits.” The policy also provides under “Conditions” paragraph 7 that “The insured shall cooperate with the company and, upon the company’s request,_shall assist — in the conduct of suits or proceedings.” Under these provisions, the insurer had the duty to defend the insured on the question of liability for workmen’s compensation benefits, and the insured had the duty to cooperate in the conduct of suits or proceedings. If the insured refused to appeal, this would be a violation of the cooperation clause, relieving the insurer of any liability to the insured caused by the insured’s refusal to join in the appeal. Under this rationale, the insured could not control the appeal to the prejudice of the insurer.
The cases relied on in Robertson v. Perry, supra, are distinguished. Emmons v. Agricultural Insurance Company, 245 La. 411,
158 So.2d 594 (La.1963); Vidrine v. Simoneaux, 145 So.2d 400 (La.App. 3rd Cir. 1962); Fontenot v. Grain Dealers Mutual Insurance Company, 168 So.2d 478 (La.App. 3rd Cir. 1964); and Murry v. Bankers F&M Insurance Company, 198 So.2d 532 (La.App. 3rd Cir. 1967) all- involved tort actions against multiple tort-feasors or their liability insurers where only the defendant or insurer who was cast appealed, there being no appeal by the defendant or insurer who was not cast. In all of these cases, it was held that the appeal by the defendant who was cast brought before the Court of Appeal the defendant who was not cast, even though there was no third party demand by the defendant cast against the defendant not cast. This rule protects rights to contribution amongst tort-feasors and their insurers. It does not apply to the present situation where only one employer and his workmen’s compensation insurer were sued, and there are no contribution rights involved. The applicable rule is, as stated above, that where a judgment is rendered against a defendant, and he neither appeals nor answers an appeal, the judgment becomes final as to him.
In Robertson v. Perry, supra, the court also used the rationale that one defendant’s appeal brings up the question of the liability of a defendant who did not appeal to the extent necessary to decide the appeal. The reasoning was that otherwise the insurer who did appeal would be liable to the insured who did not appeal, and the result would be that the insurer would have to pay the judgment.
*1355 The same argument is made by the plaintiffs-in-rule in the present case. They contend that because of the insurer’s contractual obligation under its policy to fully indemnify the insured for any loss arising out of this workmen’s compensation claim, it is necessary that the appeal by the insurer bring before the Court of Appeal the question of the insured’s liability, otherwise the insurer will have to pay the penalties and attorneys’ fees which the Court of Appeal held it did not owe. In support of this argument, plaintiffs-in-rule cite Fontenot v. Sun Oil Company, 257 La. 642, 243 So.2d 783 (La.1971), which was a suit by a mineral lessor against his lessee and six owners of overriding royalty for cancellation of the lease and for an accounting. The trial court canceled the lease and ordered the lessee and the owners of the overriding royalty to account. The lessee and three of the overriding royalty owners appealed, but the other three owners of overriding royalty did not appeal. The Court of Appeal reversed the cancellation of the lease, except as to the three owners of overriding royalty who did not appeal. The Supreme Court granted writs and held that the judgment of the Court of Appeal was effective even as to the owners of overriding royalty who did not appeal. The court stated:
“This is a natural consequence of the judgment on appeal and it matters not, either from a common sense or legal standpoint, if any of the holders of overriding royalties appealed from the adverse decision of the district court so long as ultimately the judgment was set aside at the behest of the lessee. For, since the order for an accounting was dependent on the judgment of cancellation for its vitality, any modification and amendment thereof was just as effective as to those who did not join in the appeal. That this is the well-settled law of this country and in accordance with the jurisprudence of this Court is well stated in 5B C.J.S. Appeal and Error § 1952, as follows:
“ ‘A reversal is binding on the parties to the suit, but does not control the interest of parties who did not join, or were not made parties, to the appeal, unless their rights and liabilities and those of the parties appealing are so interwoven and dependent as to be inseparable, in which case a reversal as to one operates as a reversal as to all'3 (Italics ours)”
Under the holding in Fontenot v. Sun Oil Company, quoted above, the plaintiffs-in-rule in the present case argue that the rights and liabilities of the insurer and the insured are so interwoven and dependent as to be inseparable, so that a reversal as to the insurer operates as a reversal as to the insured on the question of penalties and attorneys’ fees. There is equity in this argument. However, the Fontenot case is the only decision in our jurisprudence which states such a rule. The decision in our Supreme Court was by a vote of four to two, with Justice Tate recused because he had written the decision in the Court of Appeal to the contrary. The decision is in conflict with many prior and subsequent decisions applying the rule that a judgment becomes final as to a defendant who is cast and does not appeal or answer an appeal.
Although we must of course recognize the holding of our Supreme Court in Fontenot v. Sun Oil Company, supra, we conclude this exception to the general rule should be restricted to the particular facts of that case. We see no reason, under the facts of the present case, to create another exception to the general rule.
In conclusion, we respectfully suggest to our Supreme Court that this is an uncertain area of the law as to which the Courts of Appeal need direction.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment in favor of the defendant-in-rule, Lee Rushing, Jr., and against the plaintiffs-in-rule, Insurance Company of North America and John L. Pleasant, dismissing their rule at their cost. All costs in the trial and appellate courts are assessed against the plaintiffs-in-rule-appellees.
REVERSED AND RENDERED.