KNOLL, Judge.
Ralston Purina Company (Ralston) brought this suit on an open account against Pelican State Seed Company (Pelican), a partnership whose partners are L.D. Bowles, Donald R. Thrash, and Alfred C. Rougeau; Ralston also sued L.D. Bowles, individually, alleging he was liable for the partnership debts because of a continuing guarantee he provided Ralston for the partnership debts. The trial court found Pelican owed Ralston the debt claimed on open account and that Bowles gave a continuing guarantee for the partnership debt. Formal judgment was rendered against Pelican in the sum of $7,674.62, together with attorney’s fees, interest from date of judicial demand and court costs. Pelican appealed suspensively, contending that the trial court erred in finding that: (1) Ralston proved the merchandise was purchased and received by Pelican; and (2) Bowles gave Ralston a continuing guarantee for Pelican’s debts. We affirm.
The record shows that Bowles also owned interests in two other companies and that Ralston delivered similar material to one or more of them about the time of the sales involved herein. Another company in which Bowles had an interest, Pelican State Seed, Inc., was incorporated prior to these sales and appellant contends the partnership ceased to exist after the corporation was formed.
The trial judge found that the sales sued for herein were delivered to Pelican. This factual determination is supported by the record, therefore, the trial court did not commit manifest error. It is well settled that absent manifest error, a factual determination by the trial court will not be disturbed on appellate review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the following reasons we will not consider Pelican’s second assignment *923 of error. One defendant’s appeal necessarily brings up the question of the other’s liability only to the extent necessary to decide the first’s appeal. Robertson v. Perry, 370 So.2d 596 (La.App. 4th Cir.1979), writ not considered, 372 So.2d 1048 (La.1979). A partnership is a juridical person, distinct from its partners. LSA-C.C. Art. 2801. Bowles has not appealed. Pelican’s liability to Ralston is independent from that of Bowles. If we reversed as to the existence of the continuing guarantee of Bowles, that reversal would not effect Pelican’s liability to Ralston.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to the appellant, Pelican State Seed Company.
AFFIRMED.
KING, J., dissents for written reasons assigned.